16 307
107 62

16 307
138 360

## ALLEN v. MOER, Administrator.

1. EXECUTOR: STATUTE OF LIMITATIONS: MORTGAGE. The bar provided by § 2405 of the Revision of 1860, as to claims against the estate of a decedent, applies only to claims, the satisfaction of which is primarily sought out of the personal assets of the decedent, and not to claims secured by mortgage, upon which the creditor relies for satisfaction.

2. SAME. That the creditor of a decedent has not filed his claim in the County Court within the time prescribed by § 2405 of the Revision of 1860, is not a sufficient defense to an action to foreclose a mortgage executed by the decedent to secure the same.

*Appeal from Tama District Court.*

THURSDAY, JUNE 9.

FOR the facts, see the opinion.

*Wm. H. Stivers* for the appellants.

*Isaac L. Allen* for the appellee.

LOWE, J.—On the first day of December, 1858, J. B. Ebert gave his note to Elizabeth J. Sloley, or bearer, in the sum of $125, payable the first day of October, thereafter, secured by a mortgage of the same date, executed by himself and wife upon certain real estate. Said note and mortgage afterwards became the property of the plaintiff, as bearer, who files his petition of foreclosure in the usual form against the defendants. In their answer, they set up the following facts in bar of the plaintiff's recovery, viz.: that said Ebert died prior to the 12th day of November, 1860; that at the date last aforesaid, the defendant Moer was appointed administrator of his estate, due notice of which was published on and before the 6th of December following; that said claim was not filed and proved in the office of the County Court, within two years thereafter, nor pending in the District or Supreme Court at any time before the commencement of this suit. To this special defense a demurrer was filed and sustained, and a judgment of foreclosure rendered on behalf of the plaintiffs, and the defendants appeal.

The point made in the controversy is, whether the claim sued falls within the class specified in § 2405 of the Revision of 1860, and if so, then, secondly, whether there are

not equitable considerations entitling the claimant to relief against the time limitation therein designated.

The section in question reads as follows: "All claims of the fourth of the above classes, not filed and proved within one year and a half of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief."

The claims contemplated by the above section, refer, we suppose, to those not in the form of incumbrances upon real estate, but to those, the holders of which are bound to seek their satisfaction primarily out of the personal assets of the decedent, which must first be exhausted before they have a right to proceed against the real estate. Not only so, but where claims in point of privity stand upon an equality, and are to be liquidated *pro rata*, when the estate proves insufficient to pay the whole indebtedness. Not so, however, when the claim is a mortgage upon real estate. The holder thereof has his election to seek its satisfaction from the personal assets in the hands of the administrator, or to enforce his lien by virtue of his mortgage against the land; which latter course gives him a priority over the general creditor, so far as it relates to the avails of the property which he holds in security. The death of the mortgagor does not have the effect to lessen the rights or impair the lien of the mortgage; and to say that the latter should be limited in the collection of his claim to the assets in the hands of the administrator, by filing and proving his claim before the County Judge, within the prescribed time, as other unsecured creditors must do, would strike directly athwart the superior and larger rights secured to him by his mortgage. This distinction between claims in the form of mortgage liens and ordinary claims, is recognized, as we think, by §§ 2412, 2395, of the Rev. of 1860, and also in the case of *Carns* v. *Crandell*, 4 Iowa, 151.

Again, granting that plaintiff's claim should have been filed and proved within the time prescribed for ordinary claims, the question remains whether there are not some equitable considerations growing out of the plaintiff's right under the law, to elect whether he will seek satisfaction of his claim out of the personalty in the hands of the administrator, or in equity by the enforcement of his lien against the realty. If he chooses the former, then he must file and prove within the time limited by § 2405 of the Revision; if the latter, which is a right existing alone in equity, then he must prosecute his suit originally in the District Court (and this he may do, when it is to enforce a lien, without the approbation of the County Court; see § 2395, Rev.) within the time for commencing actions in that jurisdiction. As that time had not expired when this suit was brought, we conclude that the court below did not err in sustaining the demurrer, and the judgment is

Affirmed.