T. N. WILLIS *v.* A. B. FARLEY, MARY FARLEY, JAMES M. SHIRLEY, JACOB H. SHIRLEY, JOHN Y. SHIRLEY, THOMAS SHIRLEY, SARAH SHIRLEY, AND LUCY SHIRLEY.

DISCHARGE AND ASSIGNMENT OF MORTGAGE.—A mortgage is a mere incident of the debt it was intended to secure, and passes by an assignment of the debt, is

discharged by a payment of the debt, and is barred by the Statute of Limitations when the debt is barred.

JURISDICTION OF DISTRICT COURTS IN EQUITY.—The District Courts, by Article VI, section 6, of the Constitution, have "original jurisdiction in all cases in equity," and an Act of the Legislature depriving them of that jurisdiction, or transferring it to any other Court, is unconstitutional and void.

WHAT COURT CAN FORECLOSE MORTGAGES.—The foreclosure of a mortgage and sale of the mortgaged property for the payment of the debt thereby secured, is a "case in equity," of which the District Courts alone can take cognizance; and the Probate Courts are not competent to afford the full relief to which mortgagees are entitled.

CREDITOR OF DECEASED MAY FORECLOSE MORTGAGE.—A creditor of the estate of a deceased person, whose debt is secured by mortgage, may, after having presented his claim for allowance to the executor or administrator and Probate Judge, whether it be allowed or rejected, proceed at once to foreclose his mortgage in the District Court.

ACT OF ONE OR MORE ADMINISTRATORS.—Administrators in law are deemed but as one person, and the act of any one of two or more co-administrators, in a matter within the sphere of his authority as administrator, is the act of all.

SAME—ALLOWANCE OF CLAIM.—Where there are two or more administrators, the allowance of a claim against the estate by one is the act of all, and binding upon all.

SAME—FILING OF IN PROBATE COURT.—The allowance of a claim against the estate by the administrator and Probate Judge prevents the claim from becoming barred by the statute, even if it is not filed in the Probate Court.

WHEN HEIRS CANNOT PLEAD SUIT AGAINST ADMINISTRATOR IN BAR.—Where a claim against an estate secured by mortgage was presented to the administrator and Probate Judge, and allowed, and after the administrator had presented his final account and been discharged, the owner of the mortgage commenced an action against the administrator in the District Court to foreclose his mortgage, and obtained a decree foreclosing the same, and for a sale of the mortgaged property; *held,* that this decree was no bar to a subsequent suit against the heirs of the deceased to enforce the lien of the mortgage, and for a sale of the mortgaged property.

DISCHARGE OF ADMINISTRATOR.—When an administrator has presented his final account and been discharged, he is no longer the representative of the estate, and has no authority to appear for or bind it in any manner.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*H. O. Beatty,* for Appellants.

The first question presenting itself, then, is, was the claim regularly presented to the administrators for rejection or allowance, and were the regular steps taken thereafter? The facts are, it was presented to *one* administrator, and by him allowed,

and then to the Probate Judge, and by him allowed; to the other administrator it was never presented. Here, the question arises: is this presentation to one only of the administrators a compliance with the requirements of the statute? I am decidedly of the opinion it is not. But, for the present, let us waive this point, admit that the presentation was correct, and the allowance by *one* administrator and the Probate Judge sufficient to establish the claim against the estate. What other steps were necessary to enforce the claim? After the allowance, the next thing is to *file* the claim. Section one hundred and thirty of the Act in relation to estates reads as follows: "Every claim which has been allowed by the executor or administrator shall be filed in the Probate Court, and be ranked among the acknowledged debts of the estate, to be paid in due course of administration." There is no time fixed within which the claims are to be filed; but surely they must be filed before the final decree of distribution of the estate, or else the claim must be treated as abandoned. It does not appear from the complaint in this case that the claim was ever filed in the Probate Court as a claim against the estate. If it was regularly allowed, and filed as a claim against the estate, the Probate Court obtained competent and *exclusive* jurisdiction of the same as a claim *allowed*, and must enforce the sale of the property and the distribution of the proceeds. The parties interested could not be subjected to the expenses of a suit in equity, where the claim was allowed as a valid *claim* against the estate.

It seems to me, however, the proper view of this case is this: The claim never was properly presented to the administrators for rejection or allowance. Sections one hundred and thirty, one hundred and thirty-one, and one hundred and thirty-two, all relate to the presentation of claims, and all speak of the executor or administrator in the singular. No allusion is made to the supposable case of a plurality of the executors or administrators. There is nothing definite in the language of the statute in regard to how claims should be presented when such plurality of executors or administrators exists.

But it seems reason and common sense would require the consent of all the representatives of deceased to make a claim valid against the estate.

If this view of the subject is right, then there was no proper presentation of the claim to the administrators within the time limited by the law, and the claim is barred by the statute as a claim against the estate. If it is barred by the statute as against the *estate*, it is *equally barred against those holding the property* of deceased which was included in the mortgage. (*Graham* v. *Vining et al.*, 2 Texas, 433–447.)

If the claim was duly presented and allowed, the Probate Court obtained exclusive jurisdiction, and no action thereafter could be maintained in the District Court. If, on the other hand, the presentation to one administrator was not sufficient, the claim is bound under the one hundred and thirty-first section of the Act in relation to estates.

Again: if the District Court never could, under the circumstances of the case, obtain jurisdiction in this case, did it not obtain that jurisdiction in the suit brought in July, 1862, against J. M. Shirley, the adminstrator who approved the account? If the District Court obtained jurisdiction in that case, then any irregularity in the decree should have been remedied by opening up that case and correcting the decree—not by bringing a new suit. (*Goodenow* v. *Ewer*, 16 Cal. 470; *Boggs* v. *Hargrave*, 16 Cal. 566.)

*Budd & Carr*, for Respondent.

The decree in the case of *Willis* v. *Shirley, Administrator*, was simply a nulity. There was no personal judgment. At the time of the commencement of that suit, Shirley was no longer administrator of the estate of Thomas J. Shirley. That decree bound no property, and could affect no person. Clearly, a decree of foreclosure and sale in a suit in which a person who had no interest in the land mortgaged, and who is not liable for the debt, was sole defendant, can be no bar to a subsequent action against the real parties in interest. To constitute a judgment or decree at bar, it must be between the

same parties, and they must stand in the same relation and character. (2 Phillips' Ev. 8.)

In this case, appellant did not sue any one as administrator. He merely seeks to enforce a specific lien on certain real estate, and to foreclose the interest of certain parties therein, no matter how they obtained that interest, (and one of whom, Farley, was not heir of the deceased.) No judgment is sought over against any of the defendants, nor to be enforced as a claim against any estate.

The statute will not allow an administrator to be sued, unless on a claim presented and rejected, but it does not prevent the District Court—a Court of general equity jurisdiction—from enforcing a specific lien against real estate because the person creating the lien had since died, and his administrator had become discharged from liability without paying the claim. After the administrators were discharged, and the real estate surrendered up to the heirs, the administrators were no longer necessary parties to a suit to enforce the specific lien on the land. True, if the claim had not been presented for allowance within proper time, it would have been barred against the heirs. (*Graham* v. *King*, 2 Texas, 433; Belknap's Probate Practice Act, Sec. 130.) So if rejected, if suit is not brought within three months after it becomes due. (Same Act, Sec. 134.)

It has never been held that in event of the discharge of an administrator that a person having a specific lien on lands of an estate cannot enforce the same in the District Court, and more especially when the land is a homestead, subject only to the lien, and cannot be administered on or ordered sold by the Probate Court to pay the debts of the deceased or for any other purpose. (*Estate of Tompkins*, 12 Cal. 125 ; *James et al* v. *James*, 23 Cal. 415.) Even a mere claim, not secured by a lien, if presented and allowed, but not paid, and the administrator is discharged before the estate is fully administered, and the balance of the estate passed over to the other heirs, can be enforced by suit against the heirs in the District Court. (*Montgomery* v. *Carlton*, 18 Texas, 736.)

By the Court, CURREY, J.

Thomas J. Shirley, being indebted to Rufus Lowell in the sum of twelve hundred dollars, made and delivered to him a promissory note for the amount, and afterwards, in December, 1858, for the purpose of securing its payment according to the tenor and effect of the note, executed and delivered to Lowell a mortgage on two tracts of land—the one situated in the County of Tuolumne, and the other in the County of San Joaquin. Shirley died in November, 1859, intestate, leaving him surviving his wife (who, before the commencement of this action, became the wife of the defendant Farley) and seven children, his heirs-at-law, and also leaving an estate of which the mortgaged premises were a part. In the same month letters of administration were granted by the Probate Court of Tuolumne County to J. H. and J. M. Shirley, sons of the deceased, who immediately thereafter entered upon the duties of their office. Early in January, 1860, the note and mortgage, properly verified, were presented to one of the administrators—J. M. Shirley—for allowance, and the same were allowed as a claim against the estate of the deceased, and on the day following this claim was presented to and allowed by the Probate Judge. It does not appear that it was ever filed in the Probate Court.

The mortgaged premises situated in San Joaquin County were, in October, 1860, set apart by the Probate Court for the use and benefit of the widow and minor children, subject to the mortgage; and in December of the same year, the administrators rendered their final account for settlement, and the same was allowed and confirmed by that Court, and a distribution of the assets of the estate was decreed, and afterwards, in May, 1861, the administrators were finally discharged from their office and trust as administrators.

The claim of Lowell was not entered into the account submitted upon final settlement, nor was any portion of it paid in the distribution of the assets, or otherwise. During the administration of the estate, the plaintiff became the owner and

holder of the note and mortgage, and sometime in 1862 commenced an action in the District Court for San Joaquin County, against J. M. Shirley, as the administrator of the estate of his father, for the foreclosure of the mortgage, and such proceedings were had in the action that, upon the default of the defendant therein, a decree was entered, ascertaining the amount due on the note and for the sale of the mortgaged premises. No further proceedings were taken under this decree; but upon discovering that the administrators had been discharged before such action was instituted, the plaintiff brought this action against the defendant Farley and his wife, and the children of the deceased, for the foreclosure of the mortgage.

In this action the plaintiff has not sought any other decree than for the foreclosure of the mortgage and the sale of the premises for the payment and satisfaction of the sum due on the note and for the costs of suit.

To the complaint the defendants, Farley and his wife, demurred on several grounds, and the demurrer having been overruled, the same defendants, and J. M. Shirley, answered. The other defendants, some of whom were infants, represented by a guardian *ad litem*, appeared, but made no answer.

The answer filed admitted all the material allegations of the complaint, and set up as an affirmative defense that the portion of the mortgaged premises situate in Tuolumne County had been sold under an order of the Probate Court during the administration, and that the proceeds of the sale had been applied, under the direction of the Court, to the payment of debts of the estate; and, also, that the note in question was never filed in the Probate Court.

At the trial of the action the Court rendered a decree for the foreclosure of the mortgage and for the sale of the mortgaged premises situated in the County of San Joaquin, for the payment and satisfaction of the amount found to be due on the note, and for the costs of the suit, but no personal judgment was rendered against any of the defendants.

From this decree all the defendants have appealed, and the grounds upon which they rely for a reversal are, in substance:

First—That the debt evidenced and secured by the note and mortgage was a simple money claim against the estate of the deceased, and that it was necessary to present such claim, properly authenticated, to the administrators and to the Probate Judge for allowance; and that the presenting of the same to one only of the administrators, and obtaining his allowance thereof, with its approval and allowance by the Probate Judge, was abortive, and that therefore the claim became barred by the one hundred and thirtieth section of the Probate Act.

Second—That the claim, if duly presented and allowed, was not filed in the Probate Court, and therefore it should be regarded as abandoned.

Third—That if the claim can be deemed as duly presented and allowed, and that it thus became ranked among the acknowledged debts, to be paid in due course of administration, without having been filed in the Probate Court, then it became a *quasi* judgment in the Probate Court, and no action could thereafter be maintained in the District Court for the recovery of the debt by a foreclosure of the mortgage.

Fourth—That if the District Court could acquire jurisdiction in such a case, then the decree obtained in the action of the plaintiff against J. M. Shirley, as administrator, after the final settlement and discharge of the administrators, was a bar to this action.

In *Sheldon* v. *Sill*, 8 How. 450, the Court, in passing upon the character of a bond and mortgage as a "chose in action," say: "In equity the debt or bond is treated as the principal, and the mortgage as the incident. It passes by the assignment or transfer of the bond, and is discharged by its payment. It is, in fact, but a special security or lien on the property mortgaged." The doctrine that a mortgage is a mere incident of the debt which it is executed to secure, and follows the same in whosesoever hands it may come by transfer or assignment, and that it remains of subsisting validity so long as the debt so remains, and becomes extinguished by the

63

payment of the debt, and barred by the Statute of Limitations, when the principal of which it is the incident becomes barred, may be regarded as the settled law of this State. (*Ord* v. *McKee*, 5 Cal. 516 ; *Peters* v. *Jamestown Bridge Co.*, 5 Id. 336 ; *Guy* v. *Ide*, 6 Cal. 101 ; *McMillan* v. *Richards*, 9 Cal. 409 ; *Naglee* v. *Macy*, Id. 428 ; *Haffley* v. *Maier*, 13 Cal. 14 ; *Johnson* v. *Sherman*, 15 Cal. 293 ; *Lord* v. *Morris*, 18 Cal. 484 ; *McCarthy* v. *White*, 21 Cal. 501.) Thus, it is to be observed that debts secured by mortgage are generally subject to the same rules of law applicable to those which are not secured; and it will hereafter be seen that the only advantage which a mortgage creditor of an estate has over others, is in respect to his remedy for obtaining payment of the amount which may be his due.

At the time letters of administration were granted upon the estate of the deceased, Shirley, the Act concerning estates of deceased persons (Wood's Dig. 404) required all persons having claims against the deceased to exhibit them, with the necessary vouchers, to the executor or administrator, within ten months after notice to the creditors so to do, and declared that claims not presented within the time prescribed should be barred forever ; *provided*, that claims not then due, or that were contingent, might be presented within ten months after they might become due or absolute. And the same Act further provided, that "No holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator." In the cases which have come before the Supreme Court in this State, involving a construction of the provisions of the Act here referred to, it has been held necessary to present debts secured by mortgage to the legal representative and the Probate Judge for allowance, in order to secure their payment out of the general estate, and to prevent them from being barred by the statute. (*Ellissen* v. *Halleck*, 6 Cal. 392 ; *Pico* v. *De La Guerra*, 18 Cal. 428 ; *Fallon* v. *Butler*, 21 Cal. 32.) The language of the Probate Act on this subject is plain, and, it seems to us, imperative in its terms. The manifest object

of the law was to subserve the interests of those concerned in the estates of deceased persons, by affording to the legal representatives the necessary information respecting existing claims, and a reasonable time within which to pay them, without litigation and unnecessary expense.   A debt secured by mortgage on specific property, if claimed as due from the estate, forms no exception to the rule prescribed by the statute.   If presented and allowed, it is placed in the list of acknowledged debts, to be paid in the due course of administration.

In some of the earlier cases it was held, that a mortgage creditor whose claim was allowed could not maintain an action in the District Court for the foreclosure of his mortgage, but that his debt must abide the administration and settlement of the estate under the supervision of the Probate Court.   (*Ellissen* v. *Halleck*, 6 Cal. 392 ; *Faulkner* v. *Folsom's Executors*, 6 Id. 412.)   But the doctrine of these cases, in this respect, may be said to have been disapproved by the Court in its later decisions, mainly, if not entirely, on the ground that the District Courts had, under the Constitution as it then existed, original jurisdiction, in law and equity, in all cases where the amount in dispute exceeded two hundred dollars exclusive of interest.   (*Belloc* v. *Rogers*, 9 Cal. 123 ; *Hentsch* v. *Porter*, 10 Cal. 559 ; *Fallon* v. *Butler*, 21 Cal. 30.) By the Constitution as amended, it is provided that the District Courts shall have original jurisdiction in all cases in equity.   (Article VI, Section 6.)

The foreclosure of mortgages, and the sales of the premises for the payment of debts thereby secured, are matters of purely equitable cognizance.   Powers which are granted by the Constitution cannot be taken away by legislative enactments, and remedies which are secured to the citizen by the organic law cannot be destroyed by a department of the Government that exists in subordination to the Constitution.

The Probate Court does not possess the power to afford the relief to mortgagees to which they may be entitled in the tribunals created for their use by the Constitution; and as a mortgage creditor has the right to foreclose his mortgage upon

condition broken, he can invoke the aid of a Court competent to afford adequate relief. Hence it is that a creditor of an estate of a deceased person, whose debt is secured by mortgage, may, after having duly presented it to the executor or administrator and Probate Judge, whether it be allowed or rejected, proceed at once to foreclose his mortgage in the proper Court of original equitable jurisdiction.

It is objected by the appellants that the debt which is the subject of this action was presented to and allowed by one only of the administrators, and also that it was not filed in the Probate Court; and it is also insisted that because it was not allowed by the other administrator also, and filed in the proper Court, it became barred by the statute. We do not regard this objection as well founded. At common law, executors were esteemed as but one person, representing the testator, and therefore the acts done by any one of them which related either to the delivering, gift, sale, payment, possession, or release of the testator's goods, were deemed the acts of all. (4 Bacon's Ab., Tit. Executors and Administrators, D.) The reason given for this rule by Lord Hardwicke was, that each executor was considered as entirely representing the testator. (*Hudson* v. *Hudson*, 1 Atk. 460.) And though it was determined, in a few early decisions of the English Court of Chancery, that administrators had no such power, yet subsequently, in *Jacomb* v. *Harwood*, 2 Vesey, Sr., 267, it was decided that one administrator stood on the same ground and foundation as one executor. In *Murray* v. *Blachford*, 1 Wend. 617, Mr. Chief Justice Savage, in speaking of the subject, said: "The difference between the powers of executors and administrators in this respect was said to be founded in the different sources from which the powers were derived—the one being by the appointment of the testator, the other by the appointment of law. I apprehend there never was any reason for the supposed distinction. Their liabilities and responsibilities were ever the same, and their powers should be so."

In *Dean* v. *Duffield et al.*, 8 Texas, 235, which was a case arising under a statute substantially the same as our own, the

plaintiff had presented his claim, duly authenticated, to one only of several administrators, who refused to allow it, and in his action for the recovery of the rejected demand he alleged the fact of having so presented it and his rejection.    The administrators who were defendants demurred, and the demurrer was sustained and the case dismissed.    On the appeal, the judgment on demurrer was attempted to be supported on the ground that it appeared that the claim had been presented to and rejected by one only of the administrators.    But the Court held this objection untenable, and declared it to be the settled law that joint administrators stand on the same footing and are invested with the same authority in respect to the administration of the estate as co-executors, and, like them, are regarded in law as one person, and consequently, that the acts of one of them, in respect to the administration, are deemed to be the acts of all, inasmuch as they have a joint and entire authority over the whole property.    (See, also, *Gage* v. *Johnson*, 1 McCord, 492.

These well considered authorities we regard as decisive of the question.

Another objection made by the appellants is that the claim, as presented and allowed, was not filed in the Probate Court. The one hundred and thirty-third section of the Probate Act, as it stood before it was amended in 1861, provided that, "Every claim which has been allowed shall be filed in the Probate Court," etc.    The statute did not declare by whom it should be so filed ; and whether this duty was to be performed by the creditor or administrator cannot affect the question, as the statute has specified the *presentation* of the claim as the only act essential to save the debt from becoming barred. (Sections 130, 136.)

The remaining objection to be considered is that the decree obtained by the plaintiff against J. M. Shirley, as administrator, after the final settlement and discharge was a bar to this action.    In the action against J. M. Shirley, as administrator, the plaintiff only sought to foreclose the mortgage and to obtain satisfaction of his demand by a sale of the mortgaged

property. J. M. Shirley was sued as administrator, and through him, in his supposed representative capacity, it was sought to obtain a foreclosure that would bind not only the estate, but all those who might be interested in the property mortgaged. When that action was commenced and the decree was entered there was no such administrator, and hence, the whole proceeding was of no binding validity—it was to all intents and purposes a nullity; for, by the discharge of the administrators, they were as completely separated from the business of the estate as if they had been dead; and J. M. Shirley had no right to appear in or be a party to any suit as the representative of the estate which had passed from his hands, and respecting which his authority had long before then wholly ceased. At that time he was to the estate *functus officio*. (*Taylor* v. *Savage*, 1 How. 284.)

The questions raised by the demurrer are comprehended in the objections of the appellant, which we have already considered, and hence, no further notice of them is required. We are of opinion the decree should be affirmed.

Decree affirmed.