[Filed April 16, 1888.]

## B. VERDIER, RESPONDENT, *v.* JOHN BIGNE ET AL., APPELLANTS.

CONSTITUTIONAL LAW—JURISDICTION—CIRCUIT COURTS.—By article vii., section 9, of the Constitution, all judicial powers, authority, and jurisdiction not vested by the Constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the Circuit Courts.

STATUTE—LIEN BY MORTGAGE.—Section 414 of Hill's Code provides for the foreclosure of a lien created by mortgage by a suit in equity, which jurisdiction is vested in the Circuit Courts.

FORECLOSURE—POWER OF COUNTY COURTS.—Upon condition broken, and the death of the mortgagor, the County Court does not acquire the jurisdiction to afford the mortgagee the relief to which he is entitled.

FINDING—ATTORNEY'S FEES—EXCEPTIONS.—In a foreclosure suit which is tried by the court under section 397 of Hill's Code, a finding by the court in favor of the plaintiff of an amount for attorney's fees is a finding of fact, and will not be reviewed on appeal from the decree, unless the same be excepted to in the court below.

DECREE—How REVIEWABLE.—In such cases, section 543 of Hill's Code makes the decree reviewable on appeal *only* as to questions of law appearing on the transcript, *and shown by the bill of exceptions.*

APPEAL from Multnomah County. Affirmed.

*M. G. Munly*, and *Watson, Hume & Watson*, for Appellants.

*Strong & Strong*, for Respondent.

STRAHAN, J.—This is a suit in equity brought by the plaintiff against the defendants to foreclose two mortgages made by Pierre Manciet and Petra Manciet, his wife, both of whom have since died. Pierre before his death made and published his last will, by which he named the defendant Bigne and his wife Petra as his executors. After Petra's death Bigne continued as sole executor. One of the mortgages is dated September 11, 1879, and is to secure a note for eight thousand dollars, payable to Ladd and Tilton; the other is to secure a note for four thousand dollars, dated October 27, 1880, also payable to Ladd and Tilton. Said notes and mortgages are alleged to have been duly assigned to the plaintiff before the commencement of this suit. The plaintiff obtained a decree, foreclosing both of said mortgages in the court below, from which the defendants have appealed. The cause was tried in the court below as an action at law. In other

words, it was not referred, and the evidence was not taken in writing.

The only question which counsel for the appellants have sought to make on the appeal of any importance is the jurisdiction of the court under the decree of foreclosure. They insist that when a party executes a mortgage and dies, the Circuit Court is divested of all jurisdiction to decree a foreclosure, and that the payment of the claim which the mortgage was designed to secure must be worked out through an order of sale in the County Court.

1. By article vii., section 9 of the Constitution of the State, all judicial power, authority, and jurisdiction not vested by the Constitution, or by laws consistent therewith exclusively in some other court, shall belong to the Circuit Courts; and section 414 of Hill's Code provides that a lien upon real or personal property other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby, by a suit. Other sections in the same title follow, regulating the method of procedure in such suits. Counsel for appellants claim that this right to foreclose by suit in equity is divested by the death of the mortgagor, and that thereafter the property must be sold by order of the County Court, and they cite section 1141 of Hill's Code. That section declares that no sale of the property of an estate is valid unless made by order of the court or judge thereof, as in this title prescribed, unless herein otherwise provided. If the words "unless herein otherwise provided" refer to any provision of the Code which might relate to the sale of property under the decree of a court after the party had died, then clearly a foreclosure sale would be excepted out of this statute by its own terms. But I do not think this section has the effect to divest or in any manner interfere with the general jurisdiction of courts of equity to foreclose and enforce liens upon real property other than by judgment. It is admitted that the County Court has no jurisdiction to enforce the lien. It may order the property to be sold, and may apply the proceeds to the payment of the debt secured by the mortgage; but in

XVI. OR.—14.

such case the lien is not foreclosed. The claims sued on were presented to the executors and allowed by him. In such case, under a statute very much like ours, the jurisdiction of equity has been sustained. (*Hetch* v. *Porter*, 10 Cal. 535; *Peterson* v. *Hornblower*, 33 Cal. 266; *Willis* v. *Farley*, 24 Cal. 499; *Orr's Estate*, 29 Cal. 101; *Fallon* v. *Butler*, 21 Cal. 24; 81 Am. Dec. 140.)

In *Willis* v. *Farley, supra,* it is said: "The Probate Court does not possess the power to afford the relief to mortgagees to which they may be entitled in the tribunals created for their use by the Constitution; and as a mortgage creditor has the right to foreclose his mortgage upon condition broken, he can invoke the aid of a court competent to afford adequate relief. Hence it is that a creditor of an estate of a deceased person whose debt is secured by mortgage may, after having duly presented it to the executor or administrator and probate judge, whether it be allowed or rejected, proceed at once to foreclose his mortgage in the proper court of original equitable jurisdiction." But there is another provision of the Code which strengthens this construction. Section 1161 of Hill's Code provided for the redemption of mortgaged premises under certain conditions, on the application of an heir, creditor, or other person interested. Section 1162 authorizes the court to order the sale of the mortgaged premises, if upon such application the redemption be deemed not proper or expedient, and section 1163 provides for citing the mortgagee or other person to whom the debt is payable before making an order for the application of the proceeds of the sale, and regulates the proceedings thereon. And finally section 1164 provides: "Sections 1161, 1162, and 1163 shall not be construed to include a mortgage which has been foreclosed, or upon which a suit has been commenced for the foreclosure, before the application for the order of redemption or sale is made. . . . ." This last provision is wholly without meaning or effect if the appellants' contention is well founded.

2. The court below allowed an attorney's fee of four hundred dollars for foreclosing one of the mortgages and two hundred dollars for the other. On this appeal counsel for appellants question these items and we are asked to review them.

These are findings of fact to which no exceptions were taken, nor is there any evidence relating to the subject sent up with the transcript. In such case the finding of fact is not reviewable on the appeal. A suit in equity when tried by the court without an order of reference is conducted in the same manner as an action at law. (Hill's Code, § 397.) The latter part of that section provides: "Exceptions may be taken during the trial to the ruling of the court, and also to its findings of fact, and a statement of such exceptions prepared and settled as in an action at law, and the same shall be filed with the clerk within ten days from the entering of the decree, or such further time as the court may allow." And section 533, numbered 543, of Hill's Code makes the decree in such a case reviewable only as to questions of law appearing upon the transcript *and shown by the bill of exceptions.*

There being no exceptions to these findings of fact, we decline to look into them or to review them.

The decree of the court below must therefore be affirmed.