Argued 11 January; decided 20 March, 1899.

## WHITE v. LADD.

[56 Pac. 515.]

1. AMENDING RETURN ON SUMMONS.—Upon a proper showing a court may permit an officer to amend his return so that it shall conform to the truth; as, for example, to show the date of the receipt of a summons, where the date stated in the return is wrong.

2. ABATEMENT AND REVIVAL—TIME FOR APPLICATION.*—A revival of an action against the personal representatives of a deceased defendant may be made at any time, if the application therefor is filed within a year from the death: Dick v. Kendall, 6 Or. 166, cited.

3. NOTICE TO SUBSTITUTED PARTIES.—Where an original defendant was not served with summons, and had not appeared at the time of his death, the personal representative is not entitled to notice of an application for an order of continuance.

4. SUBSTITUTION FOR DECEASED PARTY.—The personal representative of a deceased defendant who died before being served with summons, is substituted in his stead by the making of an order allowing an amended complaint to be filed in which the representative is named as a defendant, and directing service on her of the order, the amended complaint, and an alias summons.

5. ADMINISTRATOR—ATTACHMENT LIENS—PRESENTING CLAIM.†—A creditor who has acquired an attachment lien before the death of the defendant does not lose his right to enforce such lien by presenting the claim on which the action was based to the administrator of the deceased and having it allowed: Teel v. Winston, 22 Or. 489, cited and applied.

From Multnomah :   E. D. SHATTUCK, Judge.

The following is a brief narrative of the facts leading to the commencement of this action, and the steps subsequently taken material to an understanding of the controversy.   On April 16, 1894, Isam White filed his complaint against A. H. Johnson, to recover upon certain

---

*NOTE.—This is with reference to Section 38, Hill's Ann. Laws, which, so far as is material here, reads:  "* * *  In case of the death, marriage, or other disability of a party, the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives, or successors in interest."—REPORTER.

†NOTE.—See, in this connection, Kellogg v. Miller, 22 Or. 406 (29 Am. St. Rep. 618, and note), where a secured creditor presented his claim against the estate of an insolvent, without first exhausting the security.—REPORTER.

promissory notes. At the same time an affidavit and undertaking were filed, and a writ of attachment issued. The writ was executed at 3 o'clock P. M., and at 7 P. M. the defendant Johnson died. On May 29, 1894, plaintiff filed his affidavit showing the above facts, and that at the time of filing the complaint, and prior to the issuance of the attachment, he had caused a summons to be issued in said action, and that Cordelia Johnson, widow of the said A. H. Johnson, was thereafter appointed executrix. Based upon this affidavit, an order was made on May 31, 1896, continuing the action against the executrix. The order further directed that a copy thereof and of the complaint be served upon her, and that she be required to plead to the complaint within ten days after such service, which was had June 2, 1894. The original summons, entitled, "Isam White *v.* A. H. Johnson," when returned into court was indorsed as follows : "Received April 17, 1894, Penumbra Kelly, sheriff, by C. H. Chance, deputy ;" "Received April 17, 1894, Penumbra Kelly, sheriff, by P. A. Marquam, deputy." On June 12, 1894, Cordelia Johnson, through her attorneys—they appearing specially for the purpose of the motion only— moved the court to set aside the proof of service of the summons and the order continuing the cause against her as the personal representative of A. H. Johnson, deceased, which motion was overruled on June 19, 1894. Subsequently the sheriff so amended his return upon the summons as to show the service thereof upon Cordelia Johnson, and on the twenty-seventh of June judgment by default was entered against her as the substituted defendant, and from said judgment she prosecuted an appeal to this court. The judgment being reversed and the cause remanded to the lower court (*White* v. *Johnson,* 27 Or. 282, 50 Am. St. Rep. 726), the plaintiff, on April 9, 1896, moved the court for an order vacating the judg-

ment theretofore rendered in said cause and modifying the previous order whereby Cordelia Johnson, the said executrix, was made a party defendant, and that he be permitted to file an amended complaint against her and have an *alias* summons issued, directing the manner of service and time of her appearance as such substituted defendant, and that such modified order be entered *nunc pro tunc* as of the date of the former order. The order was accordingly made, but was subsequently vacated on the motion of Mrs. Johnson. On June 11, 1896, upon the application of Penumbra Kelly, the former Sheriff of Multnomah County, he was given leave to amend the indorsements upon the original summons so as to conform to the facts, and show that it was received by him upon the sixteenth, instead of the seventeenth, day of April, 1894, and thereupon, and on the second day of July, 1896, the plaintiff renewed the motion, and an order was granted, in purport the same as that of April 9, except it was not directed to be entered *nunc pro tunc*. After service of the amended complaint and the *alias* summons, Mrs. Johnson, appearing specially, again moved the court to set aside the return of service of the summons, and to vacate its order allowing the amendment of the complaint and the issuance of the summons, providing the manner of service, and directing a modification of the former order of substitution, and permitting the action to continue against her. This motion was overruled, and, the plaintiff having again taken judgment by default, Mrs. Johnson appealed. Mrs. Johnson having died since the appeal, William M. Ladd has been substituted as defendant.

AFFIRMED.

For appellant there was a brief over the name of *R. & E. B. Williams,* with an oral argument by *Mr. Emmett B. Williams.*

For respondent there was a brief over the name of *Cox, Cotton, Teal & Minor*, with an oral argument by *Mr. Wirt Minor.*

MR. CHIEF JUSTICE WOLVERTON, after making the foregoing statement of the facts, delivered the opinion.

1. The first assignment of error relied upon is that the court was not warranted by the facts in permitting the former sheriff to so amend his indorsement upon the old or original summons as to show that he received such summons on the sixteenth, rather than on the seventeenth day of April, 1894. It seems to be conceded that the court had the power to permit the amendment, but it is contended that the facts upon which it was made were insufficient to support its action in that regard. The application for leave to amend was based upon the affidavits of the former sheriff and Charles H. Chance, his deputy. Chance swears that there were delivered to him, in the cause, the following papers, viz., original summons, copy of complaint, and writ of attachment, on the sixteenth day of April, 1894; that the summons and copy of complaint were delivered to him by Mr. Wirt Minor, and that the writ of attachment was delivered on the same day, and that he personally entered the date of the receipt of such papers in a book kept for that purpose, at page 25 thereof, on the sixteenth day of April, 1894; that the book so shows; and that the indorsements upon the summons showing the receipt thereof upon the seventeenth were clerical errors, and did not correctly state the fact. Kelly deposes to the effect that

he kept such a book as was referred to by Mr. Chance, the deputy, and that it shows, by an entry made therein in the handwriting of Chance, that said summons was received by him on the sixteenth, as was also the writ of attachment, and that he believed, from such evidence, that the indorsements, in purport that said summons was received on the seventeenth, were clerical errors, and should have read the sixteenth, instead. There was nothing to contradict these statements except the two indorsements referred to ; and it is very apparent that the showing was amply sufficient to overcome the *prima facie* case made thereby, and to warrant the court in permitting the amendment.

It is next contended that the proceedings for a continuance of the cause did not support the order therefor. Several reasons are assigned : First, because the motion to have the cause continued was not made within the year ; second, that the motion filed on May 29, 1894, for a continuance against the personal representative of A. H. Johnson, deceased, and all subsequent motions for that purpose, were without notice to the defendant Cordelia Johnson, as executrix ; third, that the order of May 31, 1894, having been held erroneous by this court, it could not be revived or supplemented upon such motion, nor could it be remodeled or amended after the year ; fourth, the action was not in fact continued by the proceedings had, and the directions contained in the order of the court. In the opinion rendered when this cause was first here, it was held that, as the summons had not been served upon A. H. Johnson, it was necessary to serve it upon the substituted defendant, after the cause had been continued against her ; and, this not having been done, the judgment was reversed. But the order of substitution was neither set aside nor vacated. It was intimated, however, that the allowance of the provisional

remedy, upon the record then exhibited, was without authority of law, and void, and that the court was in error in granting the order allowing the action to be continued against the personal representative, upon that record; but the order itself was not disturbed in the reversal of the judgment. The opinion shows, *White* v. *Johnson,* 27 Or. 282 (50 Am. St. Rep. 726, 40 Pac. 511), that we did not deem the question of substitution properly here at that time, but gave our views touching it, anticipating its return upon a subsequent appeal. The order of substitution, therefore, stood unaffected by the reversal of the former judgment. In this view there could arise no question, as it regards the time within which the application for the substitution was made, as the order therefor was secured and actually entered within the year. If it may be said, however, that the effect of the reversal of the judgment was to vacate the order of substitution at any rate, it left the motion for continuance pending. Taking this for the condition of the record when remanded, we will inquire whether the substitution was accomplished by what was subsequently done.

2. It appears to be conceded that, if the application for the continuance was made within the year, it was sufficient upon which to revive the action, within the authority of *Dick* v. *Kendall,* 6 Or. 166. The plaintiff has brought himself within the doctrine of that case, unless it was necessary, before the order of substitution could have been made and entered, that the executrix should have had notice of the pendency of the application for substitution, where a party to the record died after he had been duly served with summons, and regularly brought into court.

3. The reason for directing that a party sought to be substituted be notified of the proceeding in such case is

to afford him an opportunity for being heard upon the propriety of making the order of continuance as against him.   The issues of the case remain the same after the substitution as before, and such party is entitled to be heard only in opposition to the order:   *Dunham* v. *Carson*, 42 S. C. 383 (20 S. E. 197).   But when, as in this case, the original defendant has never been served or appeared in the action, it is quite apparent that, if the substituted party is the person to be served with summons, and jurisdiction of the person is thereby to be first acquired, he can make the same defense upon his appearance that he could have made in the first instance to the application for substitution.   So that there is no reason for applying the rule of notice to the executrix in this case.

4.   Touching the status of the order of substitution of May 31, 1894, the amendment of the indorsements upon the summons made by the ex-sheriff by leave of the court, showing the receipt of it by him upon the sixteenth day of April, instead of the seventeenth, 1894, constituted a record which established the jurisdiction of the court for the allowance of the provisional remedy, and therefore the jurisdiction to make the order of substitution had been acquired.   The amendment related back, and took effect as of the date of the receipt of the summons, and the record stands as if regularly made up ; and the jurisdiction is therefore apparent.   If, however, the effect of the reversal of the former judgment was to revoke the order of substitution, then the order subsequently made is deemed sufficient to accomplish the continuance of the cause against the executrix, when the proceedings are read in their entirety.   The plaintiff was given leave to file an amended supplemental complaint, making Cordelia Johnson defendant, and to issue an *alias* summons running against her in her represen-

tative capacity, with directions to have her served with a copy of these papers, together with a copy of the order in the premises. All this was surely sufficient to accomplish the continuance. The executrix was thereby made a party to the proceeding, and required to answer the complaint as such; and we think it operates, unquestionably, to the accomplishment of a valid substitution. If she was not a proper party defendant, she had ample opportunity to present that question; but the substitution was had by the proceeding adopted as fully as if the order set it out in the plainest terms possible.

5. The defendant further insists that plaintiff is debarred of his right to further prosecute his action by reason of the fact that he had presented the claim upon which the action was based to her, as such executrix, for allowance against the estate, and the same had been duly allowed. The contention is that the presentation and allowance are, in all essentials, a judgment, and are, therefore, a bar to the prosecution of the cause for the obtainment of a judgment in any other form. Whether such an allowance has the effect of a judgment, or not, it is not necessary for us to determine at this time. The plaintiff acquired a lien, by reason of the attachment, prior to the decease of Johnson, which he has a right to perpetuate and enforce, and at the same time present his claim against the estate of the decedent, and insist upon his rights as a general creditor. It has been decided in *Verdier* v. *Bigne*, 16 Or. 208 (19 Pac. 64), that a suit may be maintained to foreclose a mortgage after a claim for the money secured by it has been presented, and allowed by the administrator; and the further proposition is deducible from the authorities that such a claim must be presented to the executor or administrator within proper time, the same as other claims, if the claimant would mature his right to require the payment of any defi-

ciency that might remain after the application of the mortgage security upon the demand : *Teel* v. *Winston*, 22 Or. 489 (29 Pac. 142); 2 Wœrner, Adm'n., § 409 ; *Allen* v. *Moer*, 16 Iowa, 307 ; *Hill* v. *Townley*, 45 Minn. 167 (47 N. W. 653). In so far as it may pertain to a demand secured by mortgage, it would seem to be settled law that the claimant may prosecute his foreclosure, and at the same time present his claim against the estate for allowance and payment in due course of administration, and that the presentment and allowance would not bar the proceeding upon the foreclosure. Having caused the property of the defendant to be attached, there was but one course to pursue by which to secure the fruits of the lien thereby acquired, and that was to prosecute the action to judgment, and procure an order for the sale of the attached property. An action had been commenced, and the lien secured, prior to the death of Johnson, and his death could not deprive plaintiff of any right he had theretofore obtained ; so that his right to proceed to judgment was unquestionable. If, however, he believed his security insufficient to satisfy the demand, or whether such was the case or not, his right to present the same to the executrix, so that he might share in the general assets in the due course of settlement, is also clear. If such a presentation and allowance of the claim or demand will not bar a foreclosure, it is difficult to see how they will bar the prosecution of an action to judgment for the purpose of enforcing the lien acquired by way of attachment in the lifetime of decedent. The analogy between the two cases is obvious ; hence, we are impelled to the conclusion that the presentment to and the allowance of the demand by the executrix were not a bar to the further prosecution of the pending action.

AFFIRMED.