## H. J. TEEL v. PEARL E. WINSTON ET AL.

ESTATES—FORECLOSURE OF MORTGAGE—DECEASED MORTGAGOR.—The death of a mortgagor and proceedings in the county court concerning the settlement of his estate do not prevent or suspend foreclosure of the mortgage. The only consequence of a failure to present the claim to the executor or administrator before bringing suit is, that a personal judgment cannot be rendered for a balance of the debt remaining unpaid after the security is exhausted. *Verdier* v. *Bigne*, 16 Or. 208, followed and approved.

Jackson county: L. R. WEBSTER, Judge.

Defendants appeal. Affirmed.

*H. K. Hanna,* and *J. W. Hamilton,* for Appellants.

*A. S. Hammond,* for Respondent.

BEAN, J.—This is a suit to foreclose a mortgage and for the sale of the mortgaged premises. The complaint avers in substance, that on October 24, 1890, U L. Rice executed to John J. Strait his promissory note for two thousand one hundred and fifty dollars, due three years after date, with interest at ten per cent per annum, payable semi-annually, and if not so paid, the whole sum, both principal and interest, to become due and payable immediately at the option of the holder of the note. The note also provided for a reasonable attorney fee, in case of suit or action to collect the same. On the next day, Rice executed to Strait a mortgage on certain real estate to secure the payment of this note. The mortgage contained the same provisions in regard to attorney fee and payment of interest as the note, and also contained the following provision: "It is also expressly understood, that if any sum made payable by the terms of said promissory note, or becoming due hereunder, shall remain unpaid for the period of ten days after same shall have become due and payable, then the party of the second part, his executors, administrators, and assigns, may, at his or their option, declare the whole amount of said promissory note, with interest to date and attorney fee, to be at once due and payable, and may at once foreclose his

mortgage and sell the premises as herein provided." The
note and mortgage were, on the same day, for a valuable
consideration, assigned to plaintiff, and both the mortgage
and the assignment were duly recorded in the proper office.
On July 17, 1891, Rice died, leaving a will bequeathing all
his property to Pearl Winston, and appointing defendant
Brockway his executor. Brockway duly qualified as such
executor, and letters testamentary were issued to him on
April 10, 1891, and he has ever since continued to act as
such. On April 15, 1891, plaintiff duly verified and filed
his claim under said note and mortgage with the executor,
and the same was duly allowed. On April 24, 1891, there
became and was due upon said promissory note the sum of
one hundred and seven dollars and fifty cents, as interest,
according to the terms thereof, but nothing was or has been
paid thereon. On May 6, 1891, more than ten days there-
after, plaintiff notified Brockway, as executor, that he de-
clared and elected the whole sum of principal and interest
to be due and payable. Thereafter, on May 16, 1891, this
suit was commenced to foreclose the mortgage and for a
decree for the sale of the mortgaged premises. A demurrer
to the complaint having been overruled by the court below,
defendants refused to plead or answer further, and a decree
was entered in plaintiff's favor, from which defendants
bring this appeal.

The contention of defendants on this appeal may be
summarized as, first, the suit is prematurely brought, be-
cause six months had not expired from the granting of
letters testamentary to Brockway; second, no claim for the
accrued interest was ever presented to the executor for
allowance or payment; and, third, it does not appear that
the mortgage claim, or any part thereof, was ever disallowed
by the executor.

In *Verdier* v. *Bigné*, 16 Or. 208, it was held by this court
that the death of the mortgagor and the proceedings to
administer his estate in the probate court, did not affect

the lien of the mortgage or the right to foreclose such lien in the circuit court. The logical effect of this decision is, that the death of the mortgagor and the proceedings in the probate court do not change or suspend the remedy of the mortgagee to enforce his lien on the mortgaged lands, and as a consequence no presentation of the claim for allowance to the administrator or executor is necessary before bringing suit, nor does section 377, Hill's Code, have any application to proceedings of this kind. This doctrine seems to be amply supported, and the general rule is, that the failure to present to an executor or administrator for allowance a claim secured by mortgage, only operates to prevent a judgment for any deficiency that might remain after exhausting the mortgaged property, but does not affect the right to a foreclosure where no recovery is sought beyond the proceeds of the mortgaged lands. (Woerner Law Admr. § 409; *Allen* v. *Moer*, 16 Iowa, 307; *Hill* v. *Townley*, 45 Minn. 167; *Scamman* v. *Ward*, 1 Wash. St. 179; *Reed* v. *Miller*, 1 Wash. St. 426; 5 Am. & Eng. Enc. Law. 213.)

In this case plaintiff is only seeking to enforce his lien against the mortgaged premises, and therefore there was no error in overruling the demurrer by the court below, and the decree is affirmed.