Argued January 19; affirmed February 16; rehearing
denied March 16, 1937

## SCHAEFER *v.* SELLAR ET AL.

(64 P. (2d) 1334)

*Henry S. Westbrook*, of Portland (Andrew Hansen, of Portland, on the brief), for appellant.

*Charles W. Redding*, of Portland, for respondent.

BEAN, C. J. This is a suit to foreclose a mortgage executed by J. F. Sellar and Lillieus A. Sellar, his wife, on August 3, 1926, to secure the payment of a promissory note executed by the mortgagors on the same date for the sum of $2,500, with interest at the rate of .7 per cent per annum from date until paid. A decree was rendered in favor of plaintiff. Lillieus A. Sellar, as executrix of the estate of J. F. Sellar, and Lillieus A. Sellar in person appeal.

Lillieus A. Sellar is the widow of J. F. Sellar, deceased. He died July 16, 1932. On August 13, 1932, Mrs. Sellar was appointed, and is acting as, executrix of his estate. On August 3, 1926, the date of the mortgage, J. F. Sellar was owner of lot 9, block 12, Park Addition to Albina, Portland, Multnomah county, Oregon. On April 4, 1927, the Sellars executed and delivered a deed to said property to Roy E. Graves and Ruth L. Graves, which deed was subject to said mortgage. This mortgage was due August 3, 1929. The grantees did not assume the payment of the mortgage or note. Graves paid the interest on the note up to August 3, 1932, since which time no interest has been paid and no payment has been made on the principal of the mortgage. Graves remained in possession of the property until 1934. On December 11, 1934, Scheafer, the plaintiff, presented a claim against said estate, which was examined and rejected on January 29, 1935, by said executrix. Thereafter, on April 1, 1935, an amended claim based upon said note and mortgage was served upon the executrix by the sheriff of Multnomah

county, which claim was disallowed by operation of law. No further proceeding was instituted in the probate court for the allowance of said claim.

Appellants filed a plea in abatement, stating that "by reason of the premises plaintiff's suit in the above entitled court and cause should be abated until said claim so filed in the probate case above mentioned shall have been heard and determined." A demurrer to the plea in abatement was sustained by the trial court. At the time of trial of the suit objections were made to taking any proof and proceeding in said cause because said claims were rejected and had not been allowed by the probate court, which objections were overruled. The court entered a judgment for $2,500, with interest, $350 attorney's fees and costs and disbursements.

Appellants contend that the plea in abatement should have been sustained. For a time an effort was made to obtain money from the Home Owners' Loan Corporation and plaintiff allowed the note and mortgage to continue. No extension agreement with defendants Roy E. Graves or Ruth L. Graves, or anyone else, was entered into wherein plaintiff agreed to extend the time of payment of his mortgage.

The filing of a claim secured by a mortgage with the personal representative of an estate of a deceased mortgagor does not prevent the mortgagee, upon the rejection of his claim, from proceeding in the first instance in a court of equity for a foreclosure of his mortgage and for a judgment for the full amount of the note in the event the mortgaged property does not satisfy the judgment.

Where a judgment is sought for the full amount of the note and one of the mortgagors is deceased, it is now, and for a great many years has been, the well-

established and approved practice in this state to first present to the personal representative of the deceased mortgagor's estate a claim based on the note and mortgage, and upon the rejection thereof to proceed in a court of equity for the foreclosure of the mortgage and to obtain a judgment for the full amount of the note where the deceased was personally liable on said mortgage and against any other party who may be liable on the note: §§ 5-709, 5-710, 6-701, Oregon Code 1930; *Verdier v. Bigne,* 16 Or. 208 (19 P. 64); *Teel v. Winston,* 22 Or. 489 (29 P. 142); *White v. Ladd,* 34 Or. 422 (56 P. 515). In the case of *Verdier v. Bigne,* supra, the appellant sought to raise the same question defendants here raise in questioning the jurisdiction of a court of equity to decree a foreclosure of a mortgage where a claim based thereon had previously been presented to the personal representative of the estate of the deceased mortgagor and filed. Mr. Justice STRAHAN, speaking for this court, quoted with approval from *Willis v. Farley,* 24 Cal. 490, 499, as follows:

"The Probate Court does not possess the power to afford the relief to mortgagees to which they may be entitled in the tribunals created for their use by the constitution; and as a mortgage creditor has the right to foreclose his mortgage upon condition broken, he can invoke the aid of a court competent to afford adequate relief. Hence it is that a creditor of an estate of a deceased person whose debt is secured by mortgage may, after having duly presented it to the executor or administrator and probate judge, whether it be allowed or rejected, proceed at once to foreclose his mortgage in the proper court of original equitable jurisdiction."

The opinion in the case of *Teel v. Winston,* supra, is to the same effect, and is there further announced that the general rule required the presentation of a claim to the personal representative of a deceased mort-

gagor before the institution of suit where the mortgagee seeks a deficiency judgment against the estate of the deceased mortgagor.

While a claimant against an estate, where the claim is presented to the executor or administrator, may prosecute the claim before the probate court as an action at law, it is very evident that such a proceeding would not be an adequate remedy. There would still be the necessity of a foreclosure of the mortgage in the event the claim was not satisfied, while in a court of equity a judgment may be rendered for the amount due and a foreclosure of the mortgage obtained.

▪ It is contended by appellants that when the Sellars sold this land to Graves, subject to this mortgage, on April 4, 1927, with the knowledge of plaintiff, and the plaintiff on August 3, 1929, granted a verbal extension thereof to Graves without the knowledge, consent or approval of the Sellars, Graves became primarily liable and the Sellars were liable only as sureties, and under the law the Sellars were relieved from any deficiency judgment by reason thereof. The record does not support the contention of the appellants that the plaintiff granted a verbal extension or any extension for the time of payment of the note and mortgage. The point is not well taken.

In the absence of an agreement extending payment of the mortgage, the mortgagor will not be released by the mortgagee's forbearing to foreclose the mortgage when he has made no demand on him to foreclose, a mere request to foreclose which does not amount to a formal notice upon the mortgagee to elect between a foreclosure action and a discharge of the mortgagor from personal liability not being the equivalent of a demand within the meaning of this rule: 41 C. J. 720, § 761.

In *Hurst v. Merrifield,* 144 Or. 78 (23 P. (2d) 124), this court said:

"It is well-settled that the extension of the time of payment of a mortgage debt given by a mortgagee to a purchaser of the mortgaged premises, in order to release the mortgagor * * * must be pursuant to a valid contract entered into for a sufficient consideration, and that mere indulgence given by the mortgagee to the purchaser will not have that effect."

 J. F. Sellar, now deceased, executed the note to secure which the mortgage was given, and his estate is liable for the amount of the note. Lillieus A. Sellar, his wife, also executed the note and is liable for payment thereof.

In 19 R. C. L. 371, § 142, we read:

"The conveyance by a mortgagor of the mortgaged premises does not exonerate him from personal liability for the debt secured. This is true, although his grantee personally assumes and agrees to discharge the debt; for the mortgagor cannot, by any contract between himself and a third person, relieve himself from liability or otherwise bind the mortgagee. * * * a mortgagee's delay in enforcing his claim or his omission to proceed against the vendee of the mortgagor, who has assumed the payment of the debt, cannot prejudice his right to foreclose his mortgage and to obtain judgment against the mortgagor for the deficiency."

The mere forbearance of plaintiff in bringing foreclosure proceedings against defendants does not militate against his right to foreclose the mortgage. The appellants have no valid defense to the suit to foreclose the plaintiff's mortgage.

Decree of the circuit court is therefore affirmed.

ROSSMAN, BELT and KELLY, JJ., concur.