Argued and submitted February 26, affirmed July 18, 1982

## MEISSNER,
*Appellant,*

*v.*

## MURPHY,
*Respondent.*

### (No. 26743, CA A21378)

647 P2d 972

Beth Blount, Forest Grove, argued the cause and filed the reply brief for appellant. With her on the appellant's brief was Steven Scroggin, Forest Grove.

Robert P. Van Natta, St. Helens, argued the cause for respondent. With him on the brief was Van Natta & Petersen, St. Helens.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

The issue in this case is whether plaintiff, by failing to file a claim against decedent's estate before bringing an action for specific performance of a land sale contract between herself and the decedent, is barred from recovering a deficiency judgment in the action.

On May 6, 1979, plaintiff executed an installment sale contract to sell timber land to Steve Wilber. After Wilber's death in January, 1980, defendant Wilber's personal representative ceased making payments on the contract. On November 10, 1980, plaintiff filed an action against defendant for specific performance, praying for judgment for the contract balance, interest and attorney fees, with the judgment to be "secured by vendor's lien upon the property." Plaintiff prayed that those sums be paid within 60 days of judgment and, if not so paid, that the contract be foreclosed, the property be sold and, if the proceeds of the sale did not satisfy the judgment, execution issue to enforce payment of the deficiency. Defendant moved to dismiss the complaint on the ground that defendant had no obligation to perform the contract. On January 12, 1981, the day of the hearing on defendant's motion, plaintiff filed a claim against the estate.[1] Defendant's motion to dismiss was denied. On March 5, 1981, plaintiff's claim was disallowed, and on March 23, plaintiff filed a second amended complaint alleging the filing and denial of the claim and praying for judgment as prayed for in her original complaint. Defendant moved to strike the paragraphs of the second amended complaint relating to the claim and its denial[2] and for partial summary judgment declaring that plaintiff was not entitled to a deficiency judgment. Defendant's motions were granted. On trial to the court, plaintiff asked the judge to overrule those rulings. They were affirmed, and a decree was entered

---

[1] Although the claim and its contents are not included in the record, plaintiff acknowledged in oral argument that the claim filed was for the amount due under the installment sale contract.

[2] Plaintiff, in the statement of facts in her brief, states that defendant moved to strike the paragraphs relating to the claim and denial. Defendant's motion included a request to strike paragraph IX, a request for attorney fees. Paragraph IX, however, does not concern attorney fees. *See* n 5, *infra*.

revesting the property in plaintiff and denying her any further relief. In other words, the court granted plaintiff strict foreclosure.

Plaintiff appeals, assigning as error the trial court's granting of defendant's motions to strike and for partial summary judgment, thus barring her claim for specific performance and for a deficiency judgment against the estate. Defendant argues that plaintiff is barred from seeking a deficiency judgment, because she commenced the action against the estate before filing a claim.

Plaintiff attempted, by suing for specific performance, to include recovery of a deficiency judgment, in accordance with *Renard v. Allen,* 237 Or 406, 391 P2d 777 (1964). In *Renard,* however, the defendant was not the personal representative of a decedent's estate, and the law governing presentation and collection of claims against estates was not involved. Defendant asserts that that difference is determinative of this case.

The presentation and collection of claims in a probate proceeding are governed by ORS 115.001 *et seq.* A claim on a debt due for which the creditor holds security may be presented as a claim against the estate, or the creditor may elect to rely entirely on the security without presentation of the claim. ORS 115.065(1). In the present case, plaintiff first attempted to collect the amount due on the land sale contract by filing an action for specific performance but retaining the security of her lien and providing for foreclosure if the contract balance were not paid within 60 days after the date of the decree. She then filed a claim with the estate. The question is whether the election to file the action before filing the claim limits plaintiff's remedy in the action to recovery of her security. We believe it does and affirm.

The law is well settled that filing a claim is a condition precedent to filing a civil action against the personal representative of an estate. ORS 115.325.[3] Cases

---

[3] ORS 115.325 provides:

"No action against a personal representative shall be commenced until the claim of the plaintiff has been presented to the personal representative and by him disallowed. If the claim is presented after the expiration of four months

cited by defendant support this rule. In *Teel v. Winston,* 22 Or 489, 29 P 142 (1892), the court held that

> "the failure to present to an executor or administrator for allowance a claim secured by mortgage, only operates to prevent a judgment for any deficiency that might remain after exhausting the mortgaged property, but does not affect the right to a foreclosure where no recovery is sought beyond the proceeds of the mortgaged lands." 22 Or at 491.

In *Schaefer v. Sellar,* 156 Or 16, 64 P2d 1334 (1937), the court reiterated its holding in *Teel:*

> "[T]he general rule required the presentation of a claim to the personal representative of a deceased mortgagor before the institution of suit where the mortgagee seeks a deficiency judgment against the estate of the deceased mortgagor." 156 Or at 20-21.

*See also Annotation,* 78 ALR 1126 (1932). ORS 115.325 and the holdings in *Teel* and *Schaefer* support the premise that the filing of an action before filing a claim bars plaintiff from recovering a deficiency judgment. Plaintiff's action was for a money judgment in the amount owed plaintiff under the contract and for foreclosure by sale of the property subject to the contract if the money was not paid. She thereby expressed her intent to rely on her security. Her action for money was brought prematurely. ORS 115.065(6).[4] She had not presented a claim to defendant before she commenced her action.

We hold that by exercising the remedies reserved under her security before filing a claim, plaintiff elected to rely solely on her security and, therefore, she is not entitled to recover a deficiency judgment. The trial court ruled correctly in striking paragraphs V and VI of her second

---

after the date of the first publication of notice to interested persons, the personal representative, in an action therefor, is liable only to the extent of the assets in the hands at the time the summons is served upon him and allocated to the payment of the claim pursuant to ORS 115.115 and 115.125." (Emphasis added.)

[4] ORS 115.065(6) provides, in pertinent part:

"The creditor shall not exercise remedies reserved under his security until at least 30 days after the date the claim is presented and after notice to the personal representative of his intention to exercise his remedy * * *."

amended complaint and in granting partial summary judgment.[5]

Affirmed.

---

[5] Plaintiff's second assignment of error is that the trial court erred in striking paragraph IX of plaintiff's second amended complaint. On checking the record, we find that the trial court did not strike paragraph IX. Plaintiff's assignment of error is, therefore, unneccessary.