[Filed March 4, 1892.]

## H. J. TEEL *v.* PEARL E. WINSTON ET AL.

ESTATES—FORECLOSURE OF MORTGAGE—DECEASED MORTGAGOR.—The death of a mortgagor and proceedings in the county court concerning the settlement of his estate do not prevent or suspend foreclosure of the mortgage. The only consequence of a failure to present the claim to the executor or administrator before bringing suit is, that a personal judgment cannot be rendered for a balance of the debt remaining unpaid after the security is exhausted. *Verdier* v. *Bigne*, 16 Or. 208, followed and approved.

Jackson county: L. R. WEBSTER, Judge.

Defendants appeal. Affirmed.

*H. K. Hanna* and *J. W. Hamilton*, for Appellants.

*A. S. Hammond*, for Respondent.

BEAN, J.—This is a suit to foreclose a mortgage and for the sale of the mortgaged premises. The complaint avers in substance, that on October 24, 1890, U. L. Rice executed to John J. Strait his promissory note for two thousand one hundred and fifty dollars, due three years after date, with interest at ten per cent per annum, payable semi-annually, and if not so paid, the whole sum, both principal and interest, to become due and payable immediately at the option of the holder of the note. The note also provided for a reasonable attorney fee, in case of suit or action to collect the same. On the next day Rice executed to Strait a mortgage on certain real estate to secure the payment of this note. The mortgage contained the same provisions in regard to attorney fee and payment of interest as the note, and also contained the following provision: "It is also expressly understood, that if any sum made payable by the terms of said promissory note, or becoming due hereunder, shall remain unpaid for the period of ten days after same shall have become due and payable, then the party of the second part, his executors, administrators and assigns, may, at his or their option, declare the whole amount of said promissory note, with interest to date and attorney fee, to be at once due and payable, and may at once foreclose his mortgage and sell the premises as herein provided." The note and mortgage were on the same day, for a valuable consideration, assigned to plaintiff, and both the mortgage and the assignment were duly recorded in the proper office. On July 17, 1891, Rice died, leaving a will bequeathing all his property to Pearl Winston, and appointing defendant Brockway his executor. Brockway duly qualified as such executor, and letters testamentary were issued to him on April 10, 1891, and he has ever since continued to act as such. On April 15, 1891, plaintiff duly verified and filed his claim under said note and mortgage with the executor, and the same was duly allowed. On April 24, 1891, there became and was due upon said promissory note the sum of

one hundred and seven dollars and fifty cents, as interest, according to the terms thereof, but nothing was or has been paid thereon.   On May 6, 1891, more than ten days thereafter, plaintiff notified Brockway, as executor, that he declared and elected the whole sum of principal and interest to be due and payable.   Thereafter, on May 16, 1891, this suit was commenced to foreclose the mortgage and for a decree for the sale of the mortgaged premises.   A demurrer to the complaint having been overruled by the court below, defendants refused to plead or answer further, and a decree was entered in plaintiff's favor, from which defendants bring this appeal.

The contention of defendants on this appeal may be summarized as, first, the suit is prematurely brought, because six months had not expired from the granting of letters testamentary to Brockway; second, no claim for the accrued interest was ever presented to the executor for allowance or payment; and, third, it does not appear that the mortgage claim, or any part thereof, was ever disallowed by the executor.

In *Verdier* v. *Bigné*, 16 Or. 208, it was held by this court that the death of the mortgagor and the proceedings to administer his estate in the probate court, did not affect the lien of the mortgage or the right to foreclose such lien in the circuit court.   The logical effect of this decision is, that the death of the mortgagor and the proceedings in the probate court do not change or suspend the remedy of the mortgagee to enforce his lien on the mortgaged lands, and as a consequence no presentation of the claim for allowance to the administrator or executor is necessary before bringing suit, nor does section 377, Hill's Code, have any application to proceedings of this kind.   This doctrine seems to be amply supported, and the general rule is, that the failure to present to an executor or administrator for allowance a claim secured by mortgage, only operates to prevent a judgment for any deficiency that might

remain after exhausting the mortgaged property, but does not affect the right to a foreclosure where no recovery is sought beyond the proceeds of the mortgaged lands. (Woerner Law Admr. § 409; *Allen* v. *Moer,* 16 Iowa, 307; *Hill* v. *Townley,* 45 Minn. 167; *Scamman* v. *Ward,* 1 Wash. St. 179; *Reed* v. *Miller,* 1 Wash. St. 426; 5 Am. & Eng. Enc. Law, 213.)

In this case plaintiff is only seeking to enforce his lien against the mortgaged premises, and therefore there was no error in overruling the demurrer by the court below, and the decree is affirmed.