## ESTATE OF MURRAY.

WHERE the Administrator, under order of the Probate Court, sells land of the deceased which is subject to a mortgage, the proceeds of sale, after deducting the necessary expenses thereof, must be applied first to the satisfaction of the mortgage, and the residue, if any, in due course of administration.

The mortgagee cannot be subjected to any general expenses of administration ; but only those attending the sale of the property mortgaged. The one hundred and eighty-sixth section of the Act concerning the Estates of Deceased Persons is a special provision, uncontrolled by the general provisions of the act in reference to the distribution of assets and payment of debts.

APPEAL from the Probate Court of Sonoma.

The Administratrix of the estate of Murray, deceased, applied to the Court for an order to sell real estate to pay debts and expenses of administration. There was no personal property of any value, and the real estate consisted of a tract of land containing about two hundred and 'thirty acres, upon which there was a mortgage, executed to one Salmon, for the purchase money of the land, amounting to $1,600. The land was sold under order of the Court, and brought $1,825 ; the expenses of the sale were forty-eight dollars and fifty cents, leaving net $1,776. The debts of the estate aside from the mortgage were $135. The Court, in confirming the sale, made an order that, after paying the necessary expenses of the sale, the Administratrix should apply the proceeds of sale first to the mortgage, and the residue in the course of administration. She moved to set aside so much of this order as paid the mortgage first. Motion denied. The Administratrix appeals.

*A. Thomas*, for Appellant, cited secs. 239, 241, 242, 219, 221,

of the Act relative to the Estates of Deceased Persons; 6 Cal. 386; Wood's Dig. 404, sec. 136.

*L. D. Latimer*, for Respondent, cited section 186 of the same act, 11 Cal. 338–9.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The only question made by this record is as to the application by the Administrator of the proceeds of the sales of real estate, sold by the Administrator under order of Court, and bound by mortgage, as between the Administrator claiming to hold the money for general expenses of administration, or for the other creditors and the mortgagee. We think that the one hundred and eighty-sixth section of the statute (Wood's Dig. 410) settles the question : " When any sale is made by an Executor, or Administrator, pursuant to the provisions of this chapter, of land subject to any mortgage or lien, which is a valid claim against the estate of the deceased, the purchase money shall be applied after paying the necessary expenses of the sale, first to the payment and satisfaction of the mortgage, and the residue in due course of administration."

This provision is express, and is not controlled by the general provisions of the statute in reference to distribution of assets and payment of debts. This is a special provision for the particular class of cases—that of mortgagees whose claims the Administrator collects by this process of sale ; and it is no contradiction that a different provision is made in reference to a different class of claims ; that is, a provision for mortgages, not a lien on the particular land sold, etc. The justice of the rule is as plain as the language. The creditor merely gets the benefit of the * contract made with the deceased, and is under no obligation to pay any other expenses than those incurred in the enforcement of the mortgage security. The expenses are directed to be retained by the act.

Decree affirmed.