Argued 18 October; decided 31 October, 1898.

## SHEPARD *v.* SALTZMAN.

[54 Pac. 882.]

ADMINISTRATION EXPENSES — PRIORITY OF MORTGAGE LIEN.—Hill's Ann. Laws, § 1188, authorizing an executor to retain expenses of administration in preference to any claim or charge against testator's estate, does not give him a lien for such expenses prior to a mortgage on testator's land, though the other property is not sufficient to pay such expenses.

From Multnomah: LOYAL B. STEARNS, Judge.

Suit by Robina Shepard against Peter Saltzman, Jr., as executor, to foreclose a mortgage made by the father of defendant in his lifetime. There was a decree for plaintiff.

AFFIRMED.

For appellant there was a brief over the names of *James Gleason* and *Thos. G. Thornton*, with an oral argument by *Mr. Gleason*.

For respondent there was a brief over the name of *Milton W. Smith*, with an oral argument by *Mr. Walter S. Perry*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is a suit to foreclose a mortgage upon real property against the personal representative and heirs of the deceased mortgagor. The executor maintains that he has a lien upon the premises for the costs and charges, or expenses, of administering the estate of the deceased, prior and superior in right to the lien of plaintiff's mortgage, there not being sufficient other property of the estate with which to pay such costs and charges. Whether this contention is sound, presents the only question for our consideration. In our view of the matter, this may be resolved by ascertainment of the statutory intendment touching the administration of the estates of deceased persons. Section 1183, Hill's Ann. Laws, provides as follows : "The charges and claims which have been allowed, or established by judgment or decree, shall be paid in the following order : ( 1 ) Funeral expenses ; ( 2 ) taxes due the United States ; ( 3 ) expenses of last sickness ; ( 4 ) taxes due the state or county or other public corporations therein ; ( 5 ) debts preferred by the laws of the United States ; ( 6 ) debts which at the death of the deceased were a lien upon his property or any right or interest therein, according to the priority of their several liens, and ( 7 ) debts due employees of decedent for wages, etc.; ( 8 ) all other claims against the estate." Section 1184 : "The preference given by Subd. 6 of the last section shall only extend to the proceeds of the property upon which the lien exists, and as to such proceeds such debt is to be preferred to any of the classes mentioned in such section, other than the taxes upon such property." This latter section, when read in connection with the former, leads to but one conclusion, which is that the proceeds of the property upon which the lien or liens exist are to be marshaled in a distinct order, with

which section 1183 has but little to do, except as it pertains to the excess above such taxes and liens upon the property. The proceeds of such property are to be applied, first, to the payment of the taxes; second, to the payment of the liens according to their priority; and the balance, if any remains, is to be applied in due course of administration, as prescribed by said section 1183. It is maintained, however, that charges and claims against the estate are to be distinguished from the costs and charges or expenses of administering it, and that, as to the latter, they should have priority over the lien of the mortgage. Section 1178 prescribes that an executor or administrator shall be allowed, in the settlement of his account, all expenses incurred in the care, management, and settlement of the estate, including attorney's fees, and for his services shall receive such compensation as the law allows; and section 1180 prescribes what his compensation shall be. It is these costs and expenses which it is claimed take precedence of the mortgage lien, and they are thought to be regulated by section 1188, which prescribes that the executor or administrator may retain in his hands, in preference to any claim or charge against the estate, the amount of his compensation and the necessary expenses of administration.

It is plain that the charges and claims alluded to in sections 1183 and 1184 are not the same as the compensation of the executor or administrator, and necessary expenses of administration, alluded to in sections 1179, 1180, and 1188, and it may be admitted that these latter expenses take precedence in order of payment over charges and claims against the estate, but it does not follow that they constitute a lien superior in right to a mortgage of the deceased. We find some indication of the legislative intent touching the matter of marshaling the proceeds of the mortgaged property in the provisions of

the statute which empower the county court to dispose of such property, and the manner of procedure necessary to convey an unincumbered title. Section 1163 provides that the court shall order the proceeds of the sale applied, first, to the payment of the proper expenses of the proceeding and sale, and, secondly, to the satisfaction of said debt, and the residue, if any, in due course of administration. This order of distribution is in harmony with our interpretation of sections 1183 and 1184, except that the latter sections do not contemplate a sale of the property under the separate provisions for devesting it of the lien, and hence make no provisions touching the cost of that particular proceeding. It is also analogous to the manner of marshaling the proceeds of sale in a direct proceeding to foreclose the mortgage, which it has been held is cognizable in a court of equity, notwithstanding the estate is in course of administration : *Verdier* v. *Bigne*, 16 Or. 208 (19 Pac. 64) ; *Teel* v. *Winston*, 22 Or. 489 ( 29 Pac. 142 ).

Looking throughout the purview of all these sections of the statute touching the administration of the estates of deceased persons, it seems clear that it was not intended that the compensation of the executor or administrator, and the expenses of administration, should become a lien superior in right to a mortgage of the deceased, which, from the nature of things, is prior in time ; and that, in any event, only the costs of sale under the special procedure in the county court to devest the lien, and the taxes upon the property, are entitled to precedence in the order of payment. Such has been the holding under analogous statutes in Indiana and California : *Ryker* v. *Vawter*, 117 Ind. 425 ( 20 N. E. 294) *Murray's Estate*, 18 Cal. 686. The justice of the rule is manifest. Indeed, a mortgage would be a thing of uncertain and precarious value if the costs and expenses

of administration of the estates of deceased persons were advanced to a prior right of payment over a mortgage lien. Such costs and expenses are so variable and so dependent upon conditions and contingencies, both of time and circumstance, not within the reasonable foresight of business acumen to definitely estimate, as to preclude the idea that the mortgagee contracted with reference to them when he acquired his lien. Ordinarily, the senior lien is prior and superior in right of payment, and there exists no sufficient reason why the general rule should not prevail in a case of the nature of that under consideration. The decree of the court below will be affirmed.

AFFIRMED.