[Civil No. 1045.   Filed March 27, 1908.]

[95 Pac. 117.]

In the Matter of the BLACK DIAMOND COPPER MIN-
ING COMPANY, a Corporation, in Bankruptcy.
SOTO BROTHERS & RENAUD, a Copartnership, and
ALBERT STEINFELD & COMPANY, a Copartner-
ship, Appellants.

1. BANKRUPTCY — INFORMAL COMPOSITIONS — PREFERENCES — NOT VOID
BETWEEN PARTIES.—The bankruptcy law does not provide that
compositions, though informal, or preferences, shall be void as
between the parties.

2. ACCORD AND SATISFACTION — CONSIDERATION — PART PAYMENT.—A
settlement of an unsecured debt by merging it in a secured obli-
gation for a smaller amount is based upon a consideration, and
will be enforced.

3. BANKRUPTCY — SECURED OBLIGATIONS — PRESUMPTIONS.—Where, dur-
ing proceedings in bankruptcy, the bankrupt corporation gave cer-
tain claims, and the referee thereafter disallowed these claims on
the ground that they had been settled, the obligations having been
before the trial court but not the appellate, it will be presumed
that these obligations were of such character as to support the
court's order affirming the action of the referee.

4. ACCORD AND SATISFACTION—CONSIDERATION.—During bankruptcy pro-
ceedings, but before the adjudication, a bankrupt corporation gave
a check to one of its creditors for a certain amount, and a cer-
tificate reciting that a certain number of bonds of a certain
value were due it, and that the check and bonds, when delivered,
were to constitute full payment of the claim. *Held*, that the re-
ceipt by the creditor of the check which was cashed and the ten-
der to it by the bankrupt of the bonds mentioned in the certificate
constituted an accord and satisfaction of the old obligation upon
a good consideration and gave rise to a new obligation.

5. BANKRUPTCY — PROVABLE CLAIMS — ACT CONG., JULY 1, 1898, c.
541, PAR. 63, 30 STATS. 562 (U. S. COMP. STATS. 1901, P. 3447),
CONSTRUED.—The bankruptcy act, *supra*, provides that the debts
of a bankrupt which may be allowed against his estate are a fixed
liability as evidenced by a judgment or an instrument in writing,
absolutely owing at the time of the filing of the petition against
him, and hence bonds given by a bankrupt corporation, after the
filing of a petition in bankruptcy against it, to take up an old
indebtedness, being a new obligation arising after the filing of
the petition, are not provable claims in that proceeding.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

For former report, see 10 Ariz. 42, 85 Pac. 653.

Proceedings in involuntary bankruptcy of the Black Diamond Copper Mining Company. From orders disallowing claims filed by them Soto Brothers & Renaud and others appeal.

James Reilly, for Appellants.

The court erred in granting repeated continuances by consent of petitioning creditors, after bankruptcy confessed, because such continuances were contrary to the reason and spirit of the bankrupt law. Act of Cong. July 1, 1898, 30 Stats. at Large, 544 et seq., as amended by Act of Feb. 15, 1903; 32 Stats. at Large, 797 et seq. The compromise and settlement set out by the bankrupt was an attempt to defeat the bankrupt law and a usurpation of the power of the court. Sec. 12 of the Act cited above, subds. A, B, C, D, E. The bankrupt had no authority to use the money belonging to the estate, to make any compromise with creditors, and it had no power to issue bonds; such bonds bound no person or property. *Mueller's Trustee* v. *Nugent*, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; *Cumber* v. *Wane*, 1 Smith's Lead. Cas., 9th Am. ed. 1888, 613; *Fuller* v. *Kemp*, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; *Schlessinger* v. *Schlessinger*, 39 Colo. 44, 88 Pac. 970, 8 L. R. A., N. S., 863; 1 Cyc. 319; *Chicora Fer. Co.* v. *Dunan*, 91 Md. 144, 46 Atl. 347, 50 L. R. A. 401; *Howard* v. *Norton Morgan Co.* (Ariz.), 89 Pac. 541; *Flenor* v. *Flenor*, 30 Ky. Law Rep. 543, 99 S. W. 258.

Ben Goodrich, for Appellee.

Failure to rescind promptly is an affirmation of the contract, and the restoration must be entire, except where consumed or altered before knowledge of facts authorizing rescission. *Old Dominion etc. Co.* v. *Bigelow*, 188 Mass. 315, 108 Am. St. Rep. 493, 74 N. E. 653; *Grymes* v. *Sanders*, 93 U. S. 62, 23 L. Ed. 798; *Bancroft* v. *Bancroft*, 110 Cal. 375, 42 Pac. 896; *Marston* v. *Simpson*, 54 Cal. 189; *Getty* v. *Devlin*, 54 N. Y. 415; *Upton* v. *Tribilcock*, 91 U. S. 55, 23 L. Ed.

203; *Ward* v. *Sherman,* 192 U. S. 175, 176, 24 Sup! Ct. 227, 48 L. Ed. 395; *Watts* v. *White,* 13 Cal. 321; *Collins* v. *Townsend,* 58 Cal. 608.

NAVE, J.—In November, 1904, several creditors of the Black Diamond Copper Mining Company, a corporation, hereinafter called the "company," filed a petition in bankruptcy against said company. An adjudication of bankruptcy was made in November, 1906, pursuant to the order of this court in a former appeal of this same case (*In re Black Diamond Cop. M. Co.,* 10 Ariz. 42, 85 Pac. 643), and the matter was referred. Soto Bros. & Renaud, hereinafter called "Soto Bros.," and Albert Steinfeld & Co., hereinafter called the "Steinfeld company," have appealed from orders disallowing claims filed by them against the bankrupt, successively made by the referee, and, upon review, by the district court.

In March, 1905, several months after the filing of the petition in bankruptcy, but before the adjudication, appellants, who were then creditors of the company, made informal compositions with it. Similar settlements were effected between the company and other creditors, as disclosed in our former opinion, cited *supra.* The settlement with the Steinfeld company consisted of the payment to it of $800 in cash and the delivery to it of $600 in bonds of the company, the Steinfeld debt being originally in the sum of $1,600. The indebtedness to Soto Bros. was in the sum of $4,300.99. The company paid to them $2,150.48 by a check, which was subsequently cashed, and at the same time delivered to them a certificate signed by it, reading as follows: "This is to certify that there is due Soto Bros. & Renaud from this company, in bonds of said company, the face value of $4,300, which is to be delivered to them by Mr. Hoffman, president of this company, within a few days, and when so delivered, together with the check paid to them this day of $2,150.48, is payment in full of their account, and this due-bill ceases to be of any value, and is null and void (merchandise and cash account)." It will be observed that by this arrangement Soto Bros. were to receive bonds of a face value equal to the full amount of the debt, and in addition one-half of the amount of the debt in cash, by check. Three days after this transaction Soto Bros. advised the company that they would not accept the bonds, and that they repudiate the settlement.

The bonds, nevertheless, were delivered at their place of business, and left with one of the partners against his protest. An attempt was afterward made by Soto Bros. to return the bonds to the company by mail. At the hearings of this matter each party disclaimed knowledge of the whereabouts of these bonds. Without detailing the nature of the claims filed by these appellants, it is sufficient to state that they were disallowed, by reason of the view that they were settled by the informal compositions.

It is contended by appellants that the filing of the petition in bankruptcy against the company deprived it of power to effect a composition in any other way than that prescribed by the bankruptcy law; hence that the settlements are void, and that the bonds also are void. The terms of these bonds are not disclosed by the record before us. We do not entertain the view that these informal settlements are void, although for a variety of reasons they may be found voidable at the instance of other creditors. The bankruptcy law does not provide that compositions, though informal, or preferences, shall be void as between the parties. Neither appellant complains because of the inequality in the settlements effected.

Appellants further contend that they are not bound by these settlements, for that the agreements to accept full satisfaction are without consideration. The settlement effected with the Steinfeld company involved the payment of half the indebtedness in cash, and satisfaction of the remaining half by the delivery of $600 face value (being $200 less than that half) in the company's bonds. The bonds were delivered, and are still in the possession of the Steinfeld company, although the return of them was tendered at the trial of this proceeding. Thus the accord was fully executed. A theory on which it might be held to be ineffective would be that the so-called bonds are in fact but unsecured promises to pay part of the former indebtedness, and do not vary the pre-existing obligation, except to reduce its amount. Wherefore what purports to be satisfaction is without consideration. Without determining whether this point would be well taken as a matter of law (it finds abundant support in authority), we cannot apply it because we are not advised by the record as to the facts. Some facts appear, on the contrary, from which an inference may be drawn that the bonds are of the customary secured variety. If so, it is well settled that a set-

tlement of an unsecured debt by merging it in a secured obligation for a smaller amount is based upon a consideration, and will be enforced.  The record discloses that the bonds themselves were produced before the trial judge, though not produced before us.  The presumption is that these bonds are of such character as to support the court's order.

As to the consideration for the accord between the bankrupt and Soto Bros., there is more difficulty.  The question arises whether the accord was fully executed.  Decisions in which the points here involved are fully treated are so numerous that we deem it unnecessary to elaborate our view upon them.  Extensive citation of authorities will be found at 1 Am. & Eng. Ency. of Law, 2d ed., 408 et seq., and 1 Cyc. 319 et seq.  It suffices to express our conclusion that the receipt by Soto Bros. of the check for $2,150.48 contemporaneously with their acceptance of the certificate of the company as above quoted, coupled, as it was, with the express agreement of the parties that settlement should be had on the basis disclosed by the certificate, gave rise to a new obligation, and satisfied the original indebtedness.  An enforceable contract was consummated, subject only to interference by other creditors, by which the company was obliged to deliver to Soto Bros. bonds of the face value of $4,300.  Doubtless Soto Bros. could have rescinded the contract if the check had proved uncollectible, or the bonds had not been tendered; but the fact that they afterward refused the bonds does not seem to us to alter the status of the case.  We regard the situation as being the same that it would have been if the bonds had been delivered and accepted, together with the check.  It follows for the same reasons applied in considering the accord with the Steinfeld company that there was an executed accord between Soto Bros. and the bankrupt upon a consideration, and therefore a satisfaction of the debt.

The new obligations evidenced by the bonds are not provable in the proceeding, because they have arisen since the filing of the petition in bankruptcy.  Bankruptcy Law, Act July 1, 1898, c. 541, sec. 63, 30 Stat. 562 (U. S. Comp. Stats. 1901, p. 3447) ; *In re Burka* (D. C.), 104 Fed. 326; *In re Pennewell*, 119 Fed. 139, 55 C. C. A. 571; *In re Garlington* (D. C.), 115 Fed. 999.

The judgment of the district court is affirmed.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.