462 P.2d 611

**EMPLOYMENT SECURITY COMMISSION of the State of New Mexico, and State Highway Commission of the State of New Mexico, Plaintiffs-Appellees,**

v.

**BIG 4 PAVING, INC. and Glens Falls Insurance Company, Defendants-Appellants.**

No. 8839.

Supreme Court of New Mexico.

Nov. 10, 1969.

Rehearing Denied Dec. 22, 1969.

———◆———

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Bruce D. Hall, Albuquerque, for appellants.

Sutin, Thayer & Browne, Albuquerque, James A. Maloney, Atty. Gen., Joseph L. Droege, Sp. Asst. Atty. Gen., Santa Fe, for appellees.

## OPINION

TACKETT, Justice.

This is a companion case to that of Employment Security Commission v. C. R. Davis Contracting Co., Inc., (No. 8838 S.Ct. filed November 10, 1969) 80 N.M. 23, 462 P.2d 608 (1969). Neither the statement of this case nor the facts will be detailed here, as the same are similar to those contained in the companion case above referred to.

In No. 8838, supra, we held that the surety was liable on its bond for unemployment compensation taxes incurred by the contractor on the project covered by the bond. Our holding in that case is also applicable here as to the bonding companies' contractual liability. In the instant case we only consider whether there is a right of set-off by the Employment Security Commission and the State Highway Commission against retained funds under contract with Big 4 Paving, Inc., bonded by Glens Falls Insurance Company.

The parties in this action will be designated as "Security," "Highway," "Big 4" and "Glens Falls."

The question to be resolved is—can Security and Highway have a set-off for all of the state taxes owed by Big 4 and held by Highway? We say "No."

This case differs from No. 8838, supra, in that Glens Falls undertook and completed the contract, upon default by Big 4. In other words, Glens Falls was a completing surety.

Security and Highway contend that the State is entitled to a set-off for all taxes owed by Big 4, whether incurred on the bonded job or otherwise. With this we cannot agree when applied to a completing contractor.

We are not unmindful of the many cases cited by Security and Highway in support of their position. However, we are impressed with the recent case of Trinity Universal Insurance Company v. United States, 382 F.2d 317 (5th Cir. 1967), cert. denied 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed. 2d 873 (1968), which, from our research, is the latest pronouncement on the issue here involved. Trinity, supra, states:

> "A different situation occurs when the surety completes the performance of a contract. The surety is not only a subrogee of the contractor, and therefore a creditor, but also a subrogee of the gov-

ernment and entitled to any rights the government has to the retained funds. If the contractor fails to complete the job, the government can apply the retained funds and any remaining progress money to costs of completing the job. The surety is liable under the performance bond for any damage incurred by the government in completing the job. On the other hand, the surety may undertake to complete the job itself. In so doing, it performs a benefit for the government, and has a right to the retained funds and remaining progress money to defray its costs. The surety who undertakes to complete the project is entitled to the funds in the hands of the government not as a creditor and subject to setoff, but as a subrogee having the same rights to the funds as the government."

We are in accord with the statement in n. 8, which reads as follows:

"If the government can set off the amount of the unpaid taxes when the surety has completed the job, the surety would be forced to work for less than the contract price. An equity court should attempt to avoid an unfair result."

The parties stipulated that only eighty-five percent of the total principal, interest and penalties of the tax claim against Big 4 relates to wages paid on the contract here considered. The remaining fifteen percent of the claim was on projects not bonded by Glens Falls.

The decision of the trial court is affirmed, except that we remand with direction that a new judgment be entered in favor of appellees, to the extent of eighty-five percent of the total principal, interest and penalties claimed.

It is so ordered.

COMPTON and WATSON, JJ., concur.