471 P.2d 183

**Harvey E. YATES, Plaintiff-Appellee,**

**v.**

**Jim L. FERGUSON, Defendant-Appellant.**

**No. 8988.**

Supreme Court of New Mexico.

June 15, 1970.

McAtee, Marchiondo & Michael, E. Douglas Latimer, Robert N. Singer, Albuquerque, for defendant-appellant.

Jennings & Copple, Brian W. Copple, Roswell, for plaintiff-appellee.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Eddy County, New Mexico, by Harvey E. Yates to recover on a promissory note from Jim L. Ferguson. After trial without a jury, judgment was entered in favor of Yates. Ferguson appealed.

The First National Bank of Artesia loaned $26,750.00 to Ferguson. The note was dated January 26, 1966 and provided for eight per cent (8%) interest per annum, plus an additional ten per cent (10%) for attorneys' fees, if placed in the hands of an attorney for collection. Yates was an accommodation-endorser. The note was in default and, after demand, Ferguson failed and refused to satisfy the obligation. Demand was then made on Yates, who satisfied the debt by paying $28,545.21 to the Bank. The note was then transferred by endorsement of the Bank to Yates as payee. Yates, after having signed the note as accommodation-endorser, apparently decided that he needed some security. As a result, Ferguson wrote a letter to Yates, dated January 27, 1966, in which he stated:

"In the event I am unable to meet my obligation and the note is paid off by you, the 25% interest retained by me in the above mentioned agreement [assignment of lease and option to purchase certain property] is hereby assigned to you."

For a reversal of the trial court's decision, Ferguson alleges error in the trial court's (1) finding of fact No. 9 and conclusions of law Nos. 3 and 4; (2) failure to find that Yates was estopped to institute the present suit; and (3) awarding interest and attorneys' fees to Yates.

Ferguson contends that the following finding of fact and conclusions of law of the trial court are not supported by substantial evidence:

(Finding No. 9)

"The defendant has wholly failed to prove any facts sufficient to show an accord and satisfaction as set out in his Second Defense, or any facts sufficient to show any estoppel as set out in his Third Defense, and all of the issues of said defenses are hereby found against the defendant."

(Conclusions Nos. 3 and 4)

"There was no accord or agreement between the plaintiff and defendant for the settlement or satisfaction of the plaintiff's claim against the defendant on the Promissory Note involved in this action, and the plaintiff is not estopped to maintain this action.

"The plaintiff is entitled to judgment against the defendant in the sum of $26,750.00, together with interest thereon at the rate of 8% per annum from December 27, 1967, and 10% of the principal and interest as attorneys' fees and for his costs herein expended."

We have carefully reviewed the entire transcript and find the challenged finding of fact to be supported by substantial evidence. The evidence indicates that Yates wanted the letter as "additional collateral" for the loan. The intent of the parties to agree to an accord and satisfaction does not appear from the record.

Where findings of fact and conclusions of law flowing therefrom have substantial support in the evidence, they will not be disturbed on appeal. Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970); Southern Pacific Company v. Timberlake, 81 N.M. 250, 466 P.2d 96 (1970); Armijo v. Via Development Corporation, 81 N.M. 26, 466 P.2d 108 (1970); Martinez v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970).

The court found that the letter of January 27, 1966 was intended as a security agreement, and appellant does not object to this finding because he contends that the acceptance of new or additional se-

curity can constitute an accord and satisfaction. This, he says, is because the debtor has gained something to which he was not theretofore entitled which constitutes consideration. He cites Thomas v. Zahka, 99 Misc. 333, 164 N.Y.S. 193 (1917); Cunningham v. Irwin, 182 Mich. 629, 148 N.W. 786 (1914); Jaffray v. Davis, 124 N.Y. 164, 26 N.E. 351 (1891); and In re Black Diamond Copper Mining Co., 11 Ariz. 415, 95 P. 117 (1908).

■ The common law rule was that payment of less than the full amount of a past due, liquidated, and undisputed debt, although received in full payment, could not effect a discharge. There were exceptions to the rule whereby, assuming an added consideration for the settlement, a discharge could be had. One of these exceptions was the receipt of additional security. The authorities above set forth and cited by appellant so hold. But they do not hold that the acceptance of additional security in itself constitutes an accord and satisfaction. There must be an agreement between the parties effecting a settlement. Here, the trial court found on substantial evidence that there was no such agreement.

■ As his second point, appellant claims estoppel in that appellee had asked him to find a buyer for the lease and option (in which his 25% had been assigned to appellee), and that after he found a buyer, appellee refused to sell. Appellant claimed he was to have no further obligation on the note if he found a buyer.

The elements of equitable estoppel are set forth in the case of Westerman v. City of Carlsbad, 55 N.M. 550, 237 P.2d 356 (1951); reaffirmed in In re Williams' Will, 71 N.M. 39, 376 P.2d 3 (1962); and are reaffirmed here as follows:

" 'The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsis-

tent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are:

" '(1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.' "

The evidence was that the United States Lime and Mining Corporation, the owner of a 50 per cent interest in the lease and option, rather than appellee, authorized the sale; that the purported buyer never made a firm offer; and that appellee asked only that appellant obtain a firm offer rather than refusing to sell. Thus, there was substantial evidence for the trial court's finding that appellant wholly failed to prove any elements of estoppel.

■ Ferguson lastly contends that Yates should not have been awarded interest and attorneys' fees. There is no sound basis for this contention, as the note provided for eight per cent (8%) interest per annum and ten per cent (10%) additional for attorneys' fees if placed in the hands of an attorney for collection. The note, after payment by Yates, was transferred to him and he thereby acquired all of the Bank's rights to the note. The note was not discharged as to Ferguson when Yates satisfied the obligation to the Bank. Simson v. Bilderbeck, Inc. 76 N.M. 667, 417 P.2d 803 (1966); Brock v. Adams, 79 N.M. 17, 439 P.2d 234 (1968); § 50A–3–201(1), N.M.S.A.1953 Comp.

This court has repeatedly held that a promissory note or other contract that provides for attorneys' fees is enforceable and such fees may be recovered. The reasonableness of the amount of the attorneys' fees was not questioned. State Trust & Savings Bank v. Hermosa Land & Cattle

Co., 30 N.M. 566, 240 P. 469 (1925); Shortle v. McCloskey, 39 N.M. 273, 46 P.2d 50 (1935); Samples v. Robinson, 58 N.M. 701, 275 P.2d 185 (1954). See Annot., 17 A.L.R.2d 288. We do not deviate from this long-standing rule.

Other contentions raised by Ferguson are without merit. Further comment is unnecessary.

The decision of the trial court is affirmed.

It is so ordered.

WATSON and SISK, JJ., concur.