FILED

APR 05 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP Nos.   CC-15-1092-KuFTa |
| ) | CC-15-1121-KuFTa |
| MARCELLO CHRISTOPHER ARRIOLA, ) | (Related Appeals) |
| ) | |
| Debtor. ) | Bk. No.   09-23290 |
| _____ ) | |
| MARCELLO CHRISTOPHER ARRIOLA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| KAREN S. NAYLOR, Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument
on February 19, 2016

Filed – April 5, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

---

Appearances:     Appellant Marcello Christopher Arriola, pro se, on
brief; appellee Karen S. Naylor, trustee, did not
appear.

---

Before: KURTZ, FARIS and TAYLOR, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

In 2015, Debtor Marcello Christopher Arriola sought to reopen his 2009 chapter 7[1] no-asset bankruptcy case in order to correct his schedules and collaterally attack certain rulings the bankruptcy court made in his 2010 bankruptcy case. Those rulings all concern the secured claim of Bank of America, N.A.[2] The bankruptcy court permitted Arriola to amend his schedules but denied Arriola's multiple requests seeking to re-litigate his dispute with Bank of America. By way of these two appeals, Arriola challenges those denials.

The bankruptcy court correctly denied Arriola permission to re-litigate in the 2009 bankruptcy case his dispute with Bank of America. Arriola litigated that dispute in his 2010 bankruptcy case. He also had a full and fair opportunity to appeal. The bankruptcy court's rulings against Arriola are now final and non-appealable.

Accordingly, we AFFIRM.

## FACTS

**1. The 2009 bankruptcy case is opened and closed.**

Arriola commenced two separate bankruptcy cases. First, he

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]The proof of claim identified BAC Home Loans Servicing, L.P. as the creditor, but BAC apparently merged into Bank of America in 2011. For purposes of this decision, the distinction between BAC and Bank of America is irrelevant, so for ease of reference, both are jointly referred to herein as Bank of America.

filed a chapter 7 petition in November 2009. In that case, the chapter 7 trustee filed a report in January 2010 reflecting that Arriola had no assets available for distribution to his creditors; in May 2010, he received his discharge. There was no need for creditors to file proofs of claim, and there was no need for the court to resolve any claims disputes, because there was nothing of value available to pay anything to any of Arriola's creditors. In June 2010, shortly after Arriola obtained his discharge, that bankruptcy case was closed.

**2.     The 2010 bankruptcy case is opened, and Arriola fully and finally litigates Bank of America's claim therein.**

A few months later, in September 2010, Arriola commenced his second bankruptcy case. This time, Arriola filed a chapter 13 bankruptcy petition. In his amended chapter 13 schedules, Arriola listed Bank of America as his sole secured creditor, with a lien against his home located in Westminster, California; he identified this claim as disputed.

In December 2010, Bank of America filed its proof of secured claim in the approximate amount of $450,000, and in April 2011, Bank of America filed an amended proof of claim in roughly the same amount. Also in April 2011, Arriola filed a motion objecting to Bank of America's claim. The parties thereafter engaged in months of claims litigation. After two hearings and the filing of numerous papers by both sides, the bankruptcy court entered an order on October 5, 2012, overruling Arriola's claim objection. Among other things, the bankruptcy court rejected Arriola's argument that his signatures on the underlying note and deed of trust were forged.

3

On two alternate grounds, the bankruptcy court also rejected Arriola's argument that Bank of America lacked standing and was not entitled to enforce the note and the deed of trust. First, the bankruptcy court held that Bank of America's entitlement to enforce the note was evidenced by an assignment of deed of trust dated November 5, 2009 and recorded on December 10, 2009, which assignment appears on its face to have transferred to Bank of America all beneficial interest in both the note and the deed of trust.

And second, the bankruptcy court held that Bank of America's entitlement to enforce the note also was evidenced by the supplemental declaration of Joe Peloso, which in relevant part stated that Bank of America had in its possession the original note, indorsed in blank. In support of this statement, Peloso attached to his supplemental declaration what he declared to be a true copy of the original note, which was accompanied by an indorsements page – or allonge – reflecting that the note indeed had been indorsed in blank.[3]

Arriola filed an appeal from the October 2012 order overruling his claim objection, but we dismissed that appeal based on Arriola's failure to pay the required appeal filing and docketing fee. The October 2012 bankruptcy court order and our

---

[3]Arriola distrusts the indorsements page because some copies of the note exist that do not have the indorsements page attached. But we recently held, under similar circumstances, that the absence of indorsements on some note copies does not by itself cast genuine doubt on the authenticity of indorsements appearing on other copies of the same note. Baroni v. Wells Fargo Bank, N.A (In re Baroni), 2015 WL 6941625, at *5-6 (9th Cir. BAP Nov. 10, 2015) (Mem. Dec.).

4

order dismissing the appeal therefrom are now both final and non-appealable.

Undeterred, Arriola filed dozens of papers in the bankruptcy court over the course of the next year repeatedly seeking reconsideration of the bankruptcy court's order overruling his claim objection. On several occasions, the bankruptcy court entered orders denying Arriola's reconsideration motions.

In an August 22, 2013 order denying one of Arriola's reconsideration motions, the bankruptcy court set forth in detail its reasoning for denying reconsideration. Among other things, the court rejected as factually incorrect Arriola's contention that he was not given sufficient notice of the continued claim objection hearing. The court also rejected Arriola's assertion that he found "newly discovered evidence" in the form of the "Affidavit of Beth Chrisman, Forensic Document Examiner," which purportedly supported Arriola's forged documents claim. According to the court, Arriola clearly had this "affidavit" at the time of the original claim objection proceedings, but he never filed it in his bankruptcy case. The court therefore reasoned that the affidavit was not newly discovered evidence upon which Arriola could base a request for relief under Civil Rule 60(b)(2).

Many of the other points the bankruptcy court rejected merely duplicated points Arriola had raised in his original claim objection. The bankruptcy court also entered orders denying Arriola's other reconsideration motions. Arriola filed an appeal from one of the orders denying one of his reconsideration motions, but we dismissed that appeal based on Arriola's failure

to pay the required appeal filing and docketing fee. The bankruptcy court's orders denying reconsideration, and our dismissal of Arriola's reconsideration order appeal, are all now final and non-appealable.

Meanwhile, Arriola also commenced an adversary proceeding, which in relevant part sought to determine the validity of Bank of America's lien. On October 16, 2012, the bankruptcy court entered an order dismissing some of Arriola's claims for relief without leave to amend and dismissing the rest of Arriola's claims for relief with leave to amend.

Arriola never filed an amended complaint after the court entered its October 16, 2012 dismissal order, so the court ultimately dismissed the entire adversary proceeding by order entered January 4, 2013. Arriola never appealed the bankruptcy court's January 4, 2013 adversary proceeding dismissal order, and that order is now final and non-appealable.

Finally, in the spring of 2014, when Bank of America filed a motion for relief from stay seeking authorization to proceed with nonjudicial foreclosure proceedings, Arriola used his opposition to the motion as an opportunity to revisit his contention that Bank of America did not have a valid interest in the note and the deed of trust. For reasons that are not entirely clear, the bankruptcy court chose not to rely on its prior rulings, which overruled Arriola's claim objection and which determined that Bank of America was entitled to enforce the note and the deed of trust secured by Arriola's residence. Instead, the court ordered Bank of America to file supplemental papers and to demonstrate that the bankruptcy filing of the original lender identified in

6

the note and the deed of trust – First Magnus Financial Corporation – did not render invalid the November 2009 assignment from MERS to Bank of America of the beneficial interest in the note and the deed of trust.

At the continued hearing on the relief from stay motion, the bankruptcy court held that Bank of America's supplemental response and accompanying declaration had not adequately addressed the points the bankruptcy court had asked Bank of America to address. Consequently, the bankruptcy court denied Bank of America's relief from stay motion on that basis.

**3. The 2009 bankruptcy case is reopened, but the bankruptcy court denies Arriola's requests seeking to re-litigate his dispute with Bank of America.**

Having discovered what he believed constituted new grounds for challenging the validity of Bank of America's claimed interest in the note and deed of trust – the First Magnus Financial Corporation bankruptcy – Arriola filed motions seeking to reopen his 2009 bankruptcy case and seeking to revisit his entire dispute with Bank of America in that case. The bankruptcy court entered orders permitting Arriola to file amended schedules in his 2009 bankruptcy case (listing Bank of America's claim as disputed), but the bankruptcy court denied Arriola's requests seeking to re-litigate in the 2009 bankruptcy case his dispute with Bank of America.

Arriola timely filed notices of appeal from two of the bankruptcy court's denial orders.

### JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C.

7

§§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court commit reversible error when it denied the motions Arriola filed in the 2009 bankruptcy case seeking to re-litigate his dispute with Bank of America?

**STANDARDS OF REVIEW**

Generally speaking, the issue of Arriola's standing is a jurisdictional question we may raise sua sponte and review de novo. Paine v. Dickey (In re Paine), 250 B.R. 99, 104 (9th Cir. BAP 2000). But the question of whether Arriola qualified as a "person aggrieved" for appellate standing purposes is a factual question that requires us to consider whether the orders on appeal directly and adversely affected Arriola pecuniarily. Id. (citing Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir. 1999)).

Arriola's motions seeking to re-litigate in his 2009 bankruptcy case his dispute with Bank of America defy easy classification. Nonetheless, for standard of review purposes, the bankruptcy court's orders denying those motions are roughly analogous to orders denying reconsideration of claims-related orders, which are reviewed for an abuse of discretion. United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 208 (9th Cir. BAP 2006).

The bankruptcy court abused its discretion only if it applied an incorrect legal rule or if it made findings of fact that were illogical, implausible or without support in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.

8

2009) (en banc).

**DISCUSSION**

Most of Arriola's appeal brief focuses on why he thinks he should have prevailed in his claims litigation against Bank of America in the 2010 bankruptcy case. But the correctness of the bankruptcy court's claims rulings in the 2010 bankruptcy case is beyond the scope of this appeal. As we mentioned earlier, those claims rulings are all now final and non-appealable. These two appeals only concern the bankruptcy court's orders denying Arriola's requests seeking to re-litigate in the 2009 bankruptcy case his dispute with Bank of America.

Arriola contends on appeal that the bankruptcy court denied him due process by not allowing him to file in the 2009 bankruptcy case pleadings and motions against Bank of America. However, Arriola cannot prevail on his due process theory in the absence of prejudice. Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 776-77 (9th Cir. 2008).

Here, the record on appeal establishes that Arriola was not prejudiced by the bankruptcy court's denials. Arriola had no need for an adjudication of Bank of America's claim in his 2009 bankruptcy case. That case was a closed, no-asset chapter 7 case. As such, there was nothing available to distribute to Arriola's creditors, and thus no need to determine who those creditors were or to determine the validity or amount of their claims for purposes of that bankruptcy case.

In addition, Arriola had more than ample opportunity to contest Bank of America's claim in his 2010 bankruptcy case. In fact, Arriola in that case was afforded an abundance of due

9

process. To meet the constitutional requirement of due process, litigants only must be given notice "reasonably calculated under all of the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

In Arriola's 2010 bankruptcy case, the bankruptcy court, over the course of more than two years, permitted Arriola to file numerous papers in which he attacked both Bank of America's proof of claim and the validity of Bank of America's asserted interest in the note and the deed of trust. The bankruptcy court duly considered Arriola's papers, held hearings and ultimately overruled Arriola's claim objection (and his multiple requests for reconsideration), in the process holding that Bank of America qualified as a person entitled to enforce the note and the deed of trust and, hence, had standing to file a proof of claim. Moreover, the bankruptcy court's claims adjudication should be entitled to preclusive effect in any future proceedings in which Arriola attempts to contest Bank of America's claim or the validity of its asserted interest in the note and in the deed of trust. See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 918 (9th Cir. BAP 2011) (describing preclusive effect of claims rulings).

In his appeal brief, Arriola relies heavily on the relief from stay proceedings that took place in the 2010 bankruptcy case. According to Arriola, Bank of America admitted during the relief from stay proceedings the invalidity of the "first assignment" (the November 2009 assignment from MERS to Bank of

10

America of the beneficial interest in the note and the deed of trust) and impermissibly attempted to rely instead on a "second assignment" (Bank of America's possession of the original note indorsed in blank). Arriola contends that he had no opportunity to investigate or challenge the so-called second assignment and that Bank of America should be estopped from relying upon the second assignment.

Arriola's contentions are both factually and legally meritless. Bank of America's position that it held the original note indorsed in blank was asserted early on during the claim objection proceedings, and the bankruptcy court's order overruling Arriola's claim objection included a finding that Bank of America held the original note, which was indorsed in blank. As a result, any question regarding the validity of the November 2009 assignment from MERS to Bank of America of the beneficial interest in the note and the deed of trust is irrelevant. Bank of America's status as the holder of the note is sufficient to support its claim of entitlement to enforce the note and its standing to file a proof of claim. See In re Veal, 450 B.R. at 920-21. Bank of America's noteholder status also is sufficient to support Bank of America's interest in the deed of trust because, under California law, the right to enforce the deed of trust automatically follows the note. See Cal. Civ. Code § 2936; Cockerell v. Title Ins. & Trust Co., 42 Cal. 2d 284, 291 (1954); Willis v. Farley, 24 Cal. 490, 497-98 (1864).

In sum, the bankruptcy court did not violate Arriola's due process rights by denying his motions filed in the 2009 bankruptcy case seeking to re-litigate his dispute with Bank of

11

America.

**CONCLUSION**

For the reasons set forth above, the bankruptcy court's orders denying Arriola's multiple requests seeking to re-litigate his dispute with Bank of America are AFFIRMED.[4]

---

[4]On March 10, 2016, Arriola filed a motion requesting that this Panel suspend this appeal and grant a limited remand to the bankruptcy court so that the bankruptcy court could consider a new motion seeking relief under Civil Rule 60. All relief requested in Arriola's March 10, 2016 motion is denied.